The Commercial Insurance Company

*v.*

J. Y. Scammon.

*Filed at Ottawa January 19, 1888.*

1. Right of trial by jury—*and of the power of the court to control and give direction to the action of the jury.* The constitutional guaranty as to the right of trial by jury is simply of the right as it was enjoyed at the adoption of the constitution.

2. All real questions of fact must be tried by a jury when demanded, but it is for the court to say whether evidence offered is pertinent to the issue, and also whether there is sufficient evidence before the jury to present an issue of fact under the pleadings, and if there shall not be, to direct what verdict shall be returned.

3. Same—*action of the Appellate Court in finding the facts differently from the jury, and giving the proper judgment.* If the jury should find for a defendant when the evidence, with all the inferences that they could justifiably draw from it, is so insufficient to support the verdict that the trial court would have been warranted in directing them to find for the plaintiff, but failed to do so, an appellate court, in rendering the judgment that should have been rendered in the trial court, will no more invade the province of the jury than would the trial court if it had directed what verdict the jury should return.

4. It is not within the province of the trial court to weigh the evidence and determine where the preponderance is. Its function is limited strictly to determining whether there is or is not evidence legally tending to prove the fact affirmed,—evidence from which, if credited, it may reasonably be affirmed, in legal contemplation, the fact affirmed exists, leaving out of view the effect of all modifying or countervailing evidence. That power which the trial court might have exercised on the trial, the Appellate Court may exercise on appeal or writ of error.

5. Appeals—*misapplication of the law by Appellate Court—upon the facts as found.* If it shall appear from the facts found by the Appellate Court, and recited by it, that the law has been improperly applied by that court, in any respect materially affecting the judgment rendered, it will be the duty of this court to reverse the judgment of the Appellate Court.

6. Same—*finding of facts by the Appellate Court—and certifying the same—and herein, for what purpose this court may consider the evidence.* Where the Appellate Court finds the facts in support of its judgment different from the trial court, the facts recited must include every material issue submitted to the trial court, to authorize the Appellate Court to render final

| | |
|---|---|
| 123 | 601 |
| 126 | 360 |
| 126 | 361 |
| 123 | 601 |
| 128 | 519 |
| 123 | 601 |
| 35a | 586 |
| 35a | 662 |
| 123 | 601 |
| 138 | 32 |
| 138 | 40 |
| 123 | 601 |
| 140 | 508 |
| 143 | 504 |
| 143 | 539 |
| 143 | 549 |
| 123 | 601 |
| 147 | 308 |
| 123 | 601 |
| 159 | 652 |
| 161 | 109 |
| 123 | 601 |
| 162 | 352 |
| 123 | 601 |
| 166 | 516 |
| 123 | 601 |
| 173 | 503 |
| 72a | 634 |
| 123 | 601 |
| 175 | 482 |
| 123 | 601 |
| 80a | 578 |
| 123 | 601 |
| 183 | 149 |
| 123 | 601 |
| 184 | 344 |
| 185 | 319 |
| 123 | 601 |
| 186 | [3]494 |
| 186 | 495 |
| 123 | 601 |
| 90a | [2]370 |
| 123 | 601 |
| 193 | [1]639 |
| 123 | 601 |
| 200 | [6]418 |
| 200 | [6]581 |

judgment different from the one below. And this court may look to the record to see what were the issues in the case, and whether there was any evidence tending to prove them.

7. This court is not authorized, however, to look into the record to find what the facts are upon an issue of fact, and determine therefrom how the Appellate Court should have found when that court fails to certify as to its finding in respect to such issue.

8. On the trial of an action on a policy of insurance, to recover for a loss by fire, the issues of fact were, first, whether the property insured had been sold under a certain mortgage, so as to effect a change of title, etc.; second, whether the notice and proofs of loss were sufficient, and served in time; and third, whether a policy of insurance upon the same property and for the same amount, issued by the defendant to a third person subsequent to the issue of the policy sued on, and the loss on which was fully paid, was issued in lieu of the former, with the consent of the plaintiff. The trial below resulted in a verdict and judgment for the defendant. The Appellate Court reversed the judgment, and entered one for the plaintiff, and certified to its finding of the facts only as to the first two issues: *Held*, that for the failure to find the facts as to all the issues, the judgment of the Appellate Court must be reversed.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Circuit Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.

Messrs. MILLER, LEWIS & JUDSON, for the appellant:

The Appellate Court is not authorized to make a special finding of facts, except when it is in part, at least, from the finding of the court below. *Gammon* v. *Huse*, 100 Ill. 239.

The circuit court was not asked to make, and did not make, any finding of facts, and it can not therefore be said that the findings of fact by the Appellate Court are different from those of the circuit court.

It may have been held that the sale and conveyances given in evidence operated as a change of title, and were a complete defence. This was a question of law, and the appellee asked for no ruling on that question, and whether the court was right or wrong, its decision can not be inquired into by either the Appellate or Supreme Court. *Hobbs* v. *Ferguson's Estate*, 100 Ill. 232.

The Appellate Court, upon appeal, can not try the case *de novo*, and render a judgment against a defendant, and any statute which attempts to confer such power is unconstitutional and void. The party has the right to a trial by jury. Const. 1870, art. 2, sec. 5; Sedgwick on Construction of Statutory and Constitutional Law, 483, 484, 486, note; *Whitehurst* v. *Cohen*, 53 Ill. 247; *Ross* v. *Irving*, 14 id. 171.

The Appellate Court may grant a new trial, but under the constitution it can not be invested with power to find the facts of a case. *Baylis* v. *Insurance Co.* 113 U. S. 316; *Benlow* v. *Robbins*, 72 N. C. 422.

Where the constitution provides for the creation of courts with appellate jurisdiction only, an act of the legislature designed to invest such courts with power to try a case *de novo*, is unconstitutional. *State of Florida* v. *King*, 20 Fla. 399.

Where a jury is waived, and the cause submitted to the court for trial, the same force and effect are given to the finding of the court as to the verdict of a jury. *Wood* v. *Price*, 46 Ill. 435; *Travers* v. *Wormer*, 13 Bradw. 39; *Field* v. *Railroad Co.* 71 Ill. 458.

Mr. CHARLES F. WHITE, and Mr. MARTIN L. WHEELER, for the appellee:

A court can not properly submit to a jury facts on which the testimony is all one way. *Wisner* v. *Davenport*, 5 Mich. 501; *Mining Co.* v. *Brady*, 16 id. 332; *Medina* v. *Perkins*, 48 id. 67; *Seligman* v. *Ten Eyck*, 49 id. 104; *Chadwick* v. *Butler*, 28 id. 349; *Pardee* v. *Davis*, 103 Pa. St. 451.

Where the only conflict in the evidence is upon irrelevant and immaterial matters, the court may properly direct a verdict without assuming the functions of a jury. *James* v. *Fowler*, 90 Ind. 563.

It is error to submit undisputed facts to a jury as if they were in issue. *Lange* v. *Perley*, 47 Mich. 352; *Scott* v. *Clayton*, 54 Wis. 499.

By implication it has been held by the United States Supreme Court, that a case should be withdrawn from a jury when the testimony is of such a conclusive character as to compel the court, in the exercise of a sound legal discretion, to set aside a verdict in opposition to it. *Life Ins. Co.* v. *Lathrop*, 111 U. S. 613; *Insurance Co.* v. *Dexter*, 106 id. 32.

It is a usual practice in all courts to direct a verdict when the facts are undisputed. *Brown* v. *City of Aurora,* 109 Ill. 166.

The power conferred upon the Appellate Court by section 88 of the Practice act, to incorporate in its judgment a finding of facts different from those found by the trial court, is not unwarranted by the constitution.

Section 11, of article 6, of the constitution of 1870, provides for the creation of inferior Appellate Courts, to which such appeals and writs of error as the General Assembly should provide, might be prosecuted.

The question whether the Appellate Courts or the Supreme Court shall examine questions of fact, is simply one of practice, and this court has held that parties have no vested rights in the practice governing courts, except as the right of trial by jury is concerned. *Kerfoot* v. *Mound Co.* 115 Ill. 502.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action in the circuit court of Cook county, on a policy of fire insurance. The issues were tried, by agreement of parties, by the court, without the intervention of a jury, and judgment was rendered for the defendant. The plaintiff appealed to the Appellate Court for the First District, and that court reversed the judgment of the circuit court, and rendered final judgment for the plaintiff. This appeal is from that judgment.

Appellant contends that the judgment is void, because the court had no authority to render a final judgment contrary to the finding of the court acting in the place of the jury. It is

provided by section 81 of the amended Practice act, (2 Starr & Curtis, chap. 110,) that "in all cases of appeal and writ of error, the Supreme Court or Appellate Court may give final judgment and issue execution." It is not denied that this language is broad enough to justify the judgment as rendered, but it is contended that it can not have been intended by the General Assembly to authorize final judgment to be rendered contrary to the verdict of the jury, because that would be to deny to the party the right of trial by jury, as guaranteed by section 5, article 2, of the present constitution. But that guaranty is simply of the right of trial by jury as it was enjoyed at the adoption of the constitution. *Pryor* v. *Irving*, 14 Ill. 171.

The question of fact, when there is in the evidence a real controversy of fact, must be tried by the jury, but it is for the court to say whether evidence offered is pertinent to the issue, and also whether there is sufficient evidence before the jury to present an issue of fact, under the pleadings, and if there shall not be, to direct what verdict shall be returned. *Bartelott* v. *International Bank*, 119 Ill. 259; *Lake Shore and Michigan Southern Railway Co.* v. *O'Conner*, 115 id. 254; *Simmons* v. *Chicago and Tomah Railroad Co.* 110 id. 340; *Frazer* v. *Howe et al.* 106 id. 563; *Randall* v. *Baltimore and Ohio Railroad Co.* 109 U. S. 478; *Herbert* v. *Butler*, 97 id. 319. And so, if the jury were to find for the defendant, when the evidence given at the trial, with all the inferences that they could justifiably draw from it, is so insufficient to support their verdict that the court would have been warranted in directing them to find for the plaintiff, but failed to do so, an appellate court, in rendering the judgment that should have been rendered in the circuit court, no more invades their province than would the circuit court, under those circumstances, had it directed what verdict the jury should return. As we said in *Frazer* v. *Howe et al. supra*, as to the function of the judge in the trial court, it is not within the province of the judge to weigh the evidence, and ascertain where the preponderance is. His func-

tion is limited strictly to determining whether there is or is not evidence legally tending to prove the fact affirmed,—evidence from which, if credited, it may reasonably be inferred, in legal contemplation, the fact affirmed exists, laying entirely out of view the effect of all modifying or countervailing evidence. So we say in regard to the appellate tribunal. That power, in this respect, which the trial court could and should have exercised on the trial, the Appellate Court may exercise on appeal; and in order that the Appellate Court may not arrogate to itself the exercise of arbitrary or capricious power in this way, it is provided by section 87 of the present Practice act, (2 Starr & Curtis, chap. 110,) that "if any final determination of any cause, as specified in the preceding sections, shall be made by the Appellate Court, as the result, wholly or in part, of the finding of facts concerning the matter in controversy, different from the finding of the court from which such cause was brought by appeal or writ of error, it shall be the duty of such Appellate Court to recite, in its final order, judgment or decree, the facts as found, and the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy in such cause." Necessarily, therefore, if it shall appear, upon the facts recited, that the law has been improperly applied by the Appellate Court, either in the respect we have just considered, or in any other respect materially affecting the judgment rendered, it will be the duty of this court to reverse the judgment, but otherwise it should be affirmed.

But the question still remains, does the recital of facts in this record conform to the statute? It is obvious that the facts recited should include the facts concerning every material issue submitted to the trial court, otherwise a judgment might be rendered for the plaintiff by the Appellate Court on one issue, while on an issue not considered by that court the trial court decided, and properly so, in favor of the defendant. We may look to the record to see what were the issues in the case,

and whether there was any evidence tending to prove them. *Bank of Montreal* v. *Page,* 98 Ill. 109.

On looking into this record, we find that it was contested, on the trial, first, whether the property insured had been sold under a certain mortgage, so as to effect a change of title, in violation of one of the clauses of the policy; second, whether the notice and proofs of loss were sufficient, and served in apt time; third, whether a policy of insurance, upon the same property and for the same amount, issued by the defendant to one Babcock, subsequent to the issuing of the policy upon which this suit is brought, and the loss upon which was fully paid before this suit was brought, was issued in lieu of the policy upon which this suit is brought, with the consent of Scammon.

We think it too plain for argument, that if the latter question should be answered in the affirmative, the policy upon which suit is brought was extinguished, and there can be no recovery upon it. We can not know that the circuit court did not render its judgment upon that finding of fact, and if so, the ruling of the Appellate Court upon the questions discussed by it is inconclusive. Nor are we allowed to look into the record and find for ourselves what the facts were upon that question, and determine therefrom how the Appellate Court should have found. Since the present record only certifies the facts found as to the first two issues, it is insufficient, and the judgment should be reversed, and the cause remanded with direction to the Appellate Court to render a judgment *de novo;* and if that court shall still be of opinion that on the record before it the judgment of the circuit court should be reversed and final judgment should be rendered in that court for the plaintiff, that such judgment be rendered, and that the facts found upon which their judgment is predicated, as respects all the questions contested in the circuit court, be certified. This conforms to what we held in *Fitzsimmons* v. *Cassell,* 98 Ill. 332, and what we believe to be the proper practice.

The judgment is reversed, and the cause remanded to the Appellate Court for the First District for further proceedings in conformity with this opinion, and leave is given to withdraw the record of the circuit court filed in this court, for the purpose of refiling it in the Appellate Court.

*Judgment reversed.*