SALLIE NEER, Admx.

*v.*

THE ILLINOIS CENTRAL RAILROAD COMPANY.

*Filed at Springfield May 11, 1891.*

1. PRACTICE IN THE APPELLATE COURT—*reversal without remanding.* Where there is in the evidence a real controversy of fact, the question of fact must be left to the jury. Where, however, the evidence, with all the inferences which the jury might justifiably draw from it, is so insufficient to support their verdict that the trial court would have been

warranted in directing them to find for the defendant, but failed to do so, then, and only then, can the Appellate Court reverse without remanding.

2.   The Appellate Court, on the reversal of a judgment of the trial court, should remand the cause, unless it would be justified in finding for the defendant if sitting in the place of the trial judge,—that is to say, unless it appears there is no conflict in the evidence upon the material issues, and unless there is no evidence tending to sustain the issues on the part of the plaintiff.

3.   APPEAL—*finding of facts by the Appellate Court.* Where the judgment of the Appellate Court is the result of a finding of the facts different from that of the trial court, the Appellate Court is required to set out its finding, by way of recital, in its final order or judgment, in the same manner the facts are usually set forth and recited in decrees in chancery.   The facts in this manner become a part of the judgment or decree itself.

4.   Where the Appellate Court reverses a judgment upon the facts or evidence, the facts as found by that court should include the facts concerning every material issue submitted to the trial court.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Champaign county; the Hon. C. B. SMITH, Judge, presiding.

Messrs. GERE & PHILBRICK, for the plaintiff in error:

Where there is evidence in the record legally tending to prove every material point maintained by the plaintiff, and to disprove every material feature of defense, in such case it is error to reverse the verdict of the jury.   The jury are the only authorized parties, where the evidence is conflicting, to determine the facts of the case.   *Jones* v. *Fortune,* 128 Ill. 518; *Insurance Co.* v. *Scammon,* 123 id. 106; *Frazier* v. *Howe,* 106 id. 563; *Kane* v. *Railway Co.* 128 U. S. 91; *Jones* v. *Railway Co.* id. 443.

Where there is sufficient evidence upon every material point, in a case tending to prove the issue in favor of the plaintiff, a reversal of the cause, and finding of facts by the Appellate Court contrary to the verdict of the jury, is unconstitutional. *Insurance Co.* v. *Scammon,* 123 Ill. 601; *Jones* v. *Fortune,* 128

id. 518; *Wooster* v. *Plymouth,* 62 N. H. 193; Proffatt on Jury Trials, secs. 84, 107; 1 Kent's Com. 600, *13; Broom's Legal Maxims, *113; *Mitchell* v. *Harmony,* 13 How. 142.

Mr. J. S. WOLFE, for the defendant in error:

The finding of the facts by the Appellate Court contravenes no constitutional right of the parties. *Pearsons* v. *Yewdell,* 5 Otto, 294; *Walker* v. *Sauvinet,* 2 id. 40; *Kerfoot* v. *Cromwell Mound Co.* 115 Ill. 502; *Culver* v. *Colehour,* id. 565; *Ward* v. *Farwell,* 97 id. 614; *Bartelott* v. *Bank,* 119 id. 259.

Of the right of the court to decide that the evidence does not justify a recovery, see *Randall* v. *Railroad Co.* 109 U. S. 478; *Railroad Co.* v. *Durkin,* 76 Ill. 398; 3 Bacon's Abr. 387.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action brought by plaintiff in error, as administratrix of the estate of her deceased husband, James A. Neer, in the Circuit Court of Champaign County, to recover damages against the defendant in error for the death of her said husband. The deceased was a locomotive engineer upon one of the trains of the defendant in error, and was killed on November 22, 1886, in a collision between the train on which he was so acting as engineer, and another train at Savoy, a station a short distance south of Champaign. The verdict and judgment in the Circuit Court were in favor of the plaintiff.

The Appellate Court has reversed the judgment of the Circuit Court without remanding the cause. The 87th section of the Practice Act provides that "if any final determination of any cause, as specified in the preceding sections, shall be made by the Appellate Court, as the result wholly or in part of the finding of the facts concerning the matter in controversy different from the finding of the court from which such cause was brought by appeal or writ of error, it shall be the duty of such Appellate Court to recite in its final order, judgment or decree the facts as found," etc.

Upon looking into the record of the Appellate Court, we find a recital, that, on June 27, 1889, "there was filed in the office of the Clerk of said Court a finding of facts by said Court, which is in the words and figures following, towit: we find that," etc. Then afterwards there is a recital, that, on June 27, 1889, "an order was made by said Court in words and figures following, towit:" Then follows the final order or judgment of the court, which does not recite any facts as found by the Court. It is the plain language of the statute, that the facts as found must be recited in the judgment. We have held that the facts thus found by the Appellate Court must be set out, by way of recital, in the final order or judgment of the court in the same manner in which they are usually set forth and recited in decrees in chancery, and that, in this manner, they become a part and parcel of the judgment or decree itself, "and so long as the record has an existence there can be no controversy as to the facts upon which the decree or judgment rests." (*Tibballs* v. *Libby*, 97 Ill. 552; *Fitzsimmons* v. *Cassell*, 98 id. 332; *Tenney* v. *Foote*, 95 id. 99.) In the present case, the paper filed in the Appellate Court, and called a "finding of facts," is not even signed by any of the judges of that Court, nor are any of its recitals set out in the final order or judgment.

The facts as found by that Court "should include the facts concerning every material issue submitted to the trial court." (*Commercial Ins. Co.* v. *Scammon*, 123 Ill. 601.) Nor should the judgment of the trial court be reversed without remanding the cause, unless the Appellate Court would be justified in finding for the defendant if it were sitting in the place of the trial judge, that is to say, unless it appear that there is no conflict in the evidence upon the material issues, and unless it appear that there is no evidence tending to sustain the issues on the part of the plaintiff. (*Com. Ass. Co.* v. *Scammon*, 126 Ill. 355.) Otherwise, the plaintiff would be deprived of the constitutional right to a jury trial by the substitution of the

judgment of the Appellate Court for the judgment of the jury. Where there is in the evidence a real controversy of fact, the question of fact must be left to the jury. When the evidence given at the trial, with all the inferences which the jury could justifiably draw from it, was so insufficient to support their verdict that the trial court would have been warranted in directing them to find for the defendant, but failed to do so, then and then only can the Appellate Court reverse without remanding, because, in such case, it merely renders the judgment that should have been rendered in the trial court. (*Com. Ins. Co.* v. *Scammon, supra.*)

Since no facts found by the Appellate Court are recited in its final judgment of reversal, as shown by the present record, such judgment is erroneous, and should be reversed, and the cause remanded to the Appellate Court to render a judgment *de novo;* and, if that Court should still be of opinion that, on the record before it, the judgment of the Circuit Court should be reversed, judgment of reversal should be entered, and the facts found, upon which the judgment of the Appellate Court is predicated, as repects all the questions contested in the Circuit Court, should be recited and set out in such judgment.

The judgment is reversed, and the cause remanded to the Appellate Court for the Third District for further proceedings in conformity with this opinion, and leave is given to withdraw the record of the Circuit Court filed in this Court for the purpose of refiling it in the Appellate Court.

*Judgment reversed.*