SALLY NEER, Admrx.,

*v.*

THE ILLINOIS CENTRAL RAILROAD COMPANY.

*Filed at Springfield, June 13, 1894.*

1. NEGLIGENCE—*of plaintiff—care of defendant—finding of Appellate Court.* In an action against a railway company, for causing the death of the plaintiff's intestate while running a train of cars, the Appellate Court, on reversing the judgment of the trial court in favor of the plaintiff, found in its judgment that the deceased intestate, at the time of the accident which caused his death, "acted with negligence, and did not use ordinary care, and that there was no negligence or want of care upon the part of the defendant": *Held,* that under such finding of facts, the plaintiff could not recover.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Champaign County; the Hon. C. B. SMITH, Judge, presiding.

Messrs. GERE & PHILBRICK, for the plaintiff in error:

Where there is evidence in the record legally tending to prove every material point maintained by the plaintiff, and to disprove every material feature of defense, in such case it is error to reverse the verdict of the jury. The jury are

the only authorized parties, where the evidence is conflicting, to determine the facts of the case. (*Jones* v. *Fortune*, 128 Ill. 518; *Commercial Insurance Co.* v. *Scammon*, 123 id. 601; *Frazer* v. *Howe et al.*, 106 id. 563; *Kane* v. *N. Cent. Ry.*, 128 U. S. 91; *Jones* v. *E. Tenn., etc., Ry.*, id. 443.

Where there is sufficient evidence upon every material point in a case tending to prove the issue in favor of the plaintiff, a reversal of the cause and finding of facts by the Appellate Court contrary to the verdict of the jury, is unconstitutional. (*Commercial Ins. Co.* v. *Scammon*, 123 Ill. 601; *Jones* v. *Fortune et al.* 128 id. 518; *Wooster* v. *Plymouth*, 62 N. H. 193; Proffatt on Jury Trial, secs. 84, 107; Kent's Commentaries, vol. 1, p. 600, * p. 13; Broom's Legal Maxims, * page 113; *Mitchell* v. *Harmony*, 13 How. 142–147.)

Mr. J. S. WOLFE, for the defendant in error:

Whether there is any evidence in the record tending to prove the plaintiff's claim, or whether the evidence is conflicting, makes no difference under the statute. In either case, this court is denied the power of reviewing the facts, but is compelled to take them where the trial court and the Appellate Court leave them. *C. & A. R. R. Co* v. *Bonifield*, 104 Ill. 226.

All matters of fact in controversy, including, necessarily, disputed facts, if found by the Appellate Court, are final and conclusive. Practice Act, sec. 88.

A finding of facts by the Appellate Court in this case can not be assigned as error. Practice Act, sec. 89.

It results, that the facts here found are unassailable in any manner and in any form, and that they are final and conclusive for all time and for all purposes in any court. The Appellate Court on reversing should remand the cause, unless it finds that the evidence does not tend to establish a cause of action, and in such case it must recite in its final order the facts found. *Jones* v. *Fortune*, 128 Ill. 518.

NEER, ADMRX., *v.* ILL. CENT. R. R. Co. 143

Brief for the Defendant in Error. Opinion of the Court.

It would seem to follow, that when a finding of facts—that is, the ultimate and not evidentiary facts—is made, the conclusive inference is, that there is no evidence tending to prove the plaintiff's case. *Jones* v. *Fortune, supra.*

If this court and the Appellate Court may differ as to the facts proven, or the tendency of facts proven, the whole range of fact is open, as at the beginning, and the statute is placed out of the controversy as to the finding of facts.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This case was commenced originally to the March term, 1887, of the Circuit Court of Champaign county, by the administratrix of James A. Neer, deceased, to recover damages by reason of the death of said Neer. The first trial resulted in verdict and judgment for the plaintiff for $5,000.00. Upon appeal to the Appellate Court, this judgment was reversed, and the cause was remanded to the Circuit Court for a new trial. (*I. C. R. R. Co.* v. *Neer*, 26 Ill. App. 356.) The case was again tried at the September term, 1888, of said Circuit Court, and again resulted in verdict and judgment for the plaintiff for $5,000.00. Upon a second appeal to the Appellate Court, that Court again reversed the judgment of the Circuit Court, but did not remand the cause. (*Illinois Central R. R. Co.* v. *Neer*, 31 Ill. App. 126.) The judgment of reversal thus entered by the Appellate Court was brought to this Court for review by writ of error, and was reversed by this Court, and the cause was remanded to the Appellate Court, for the reason that the latter Court did not recite its finding of facts in the judgment, as provided for in section 87 of the Practice Act. (*Neer* v. *I. C. R. R. Co.*, 138 Ill. 29.) Since the judgment of reversal was entered by this Court, the cause has been again heard by the Appellate Court, and the latter Court has rendered judgment *de novo*, reversing the judg-

ment of the Circuit Court without remanding the cause, as before, but embodying in its judgment a finding of facts.

The present writ of error brings before us for review the last judgment of the Appellate Court, reciting the facts as found by it, and reversing the judgment of the Circuit Court, without remanding the cause to the Circuit Court for another trial.

The portion of the judgment of the Appellate Court, which recites the facts, is as follows:

"The Court doth find that this was an action brought by the appellee to recover from the appellant damages, because of the death of said James A. Neer, caused and produced, as alleged, by the negligence of the appellant, in which action the said appellee did recover of the said appellant the sum of five thousand dollars and costs of suit; and it is further found from the evidence in the record herein, that the said James A. Neer was, at and before the time of his death, a locomotive engineer, in the employ of the said appellant; that on that occasion he was in charge of a locomotive pulling a train of freight cars upon the road of the appellant, and that his death was caused by his running into the rear of another freight train then standing upon the main track of said road at Savoy Station. And it is further found that the said Neer had not been notified that the said train into which he so ran was behind time, as it was, or that it was at Savoy. And it is further found, that it was not in accordance with the general method and rule of said appellant to give notice of such fact to said Neer, but by an express rule of said appellant it was the duty of said Neer to approach said station carefully, expecting to find a train upon the main track, which said general method and rules of said appellant were well known to said Neer, who had long been in the service of said appellant, and which general method and rules this Court finds upon the evidence herein to be reasonable and proper. And it is further found that said Neer, in approaching said station, on said

occasion, did not do so carefully and expecting to find a train upon the main track, but approached the same carelessly and at a high rate of speed, and that by reason of his neglect to observe said rule he ran into the preceding train and lost his life thereby, and it is found that in the premises the said Neer acted with negligence and did not use ordinary care, and that there was no negligence or want of care upon the part of the said appellant, and, therefore, the court,'' etc.

The foregoing finding of facts is made under section 87 of the Practice Act, which provides that, ''if any final determination of any cause, as specified in the preceding sections, shall be made by the Appellate Court, as the result, wholly or in part, of the finding of the facts concerning the matter in controversy different from the finding of the court from which such cause was brought by appeal or writ of error, it shall be the duty of such Appellate Court to recite in its final order, judgment or decree, the facts as found, and the judgment of the Appellate Court shall be final and conclusive as to all matters of fact in controversy in such cause.'' (2 Starr & Cur. Ann. Stat., page 1842.)

In the Circuit Court the trial of the present case took place before a jury. The writer hereof is of the opinion, that the eighty-seventh section of the Practice Act, above quoted, was never designed or intended by the legislature to apply to cases tried before juries, but only to cases tried by agreement before the court without a jury; and that a construction of it, which makes it apply to cases tried before juries, must lead to the conclusion that it is an unconstitutional provision, as substituting the judgment of the Appellate Court for the judgment of the jury upon controverted questions of fact; the reasons for which opinion are set forth in the dissenting views appended to the case of *Siddall* v. *Jansen,* 143 Ill. 543. But the majority of the Court hold that the section does apply to jury trials,

10—151 ILL.

and in view of the construction, which the majority of the Court have given to the section in the following cases: *Siddall* v. *Jansen*, 143 Ill. 537; *Senger* v. *Town of Harvard*, 147 id. 304, and *Hawk* v. *C. B. & N. R. R. Co.*, 147 id. 399; the judgment of the Appellate Court in this case, reversing the judgment of the Circuit Court without remanding the cause, must be affirmed. An affirmance is a necessary consequence of the finding of facts made by the Appellate Court. In *Hawk* v. *C. B. & N. R. R. Co.*, *supra*, it was said: "The Appellate Court found that plaintiff's injury was caused by his own want of reasonable care, and that there was no evidence proving, or tending to prove, any acts of negligence on the part of the defendant. Under such a state of facts, it is plain that the plaintiff could not recover." So, here, the action being for damages against appellee for the death of plaintiff's intestate, the Appellate Court has found that the deceased, at the time of the accident which caused his death, "acted with negligence and did not use ordinary care, and that there was no negligence or want of care upon the part of the" railroad company, the appellee herein. Under such a state of facts, it is plain that the plaintiff below, the appellant here, can not recover.

Accordingly, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*