CHICAGO—FIRST DISTRICT—MARCH, 1911.   153

Woman's Temperance Building Assn. v. Devore, 160 Ill. App. 153.

## Woman's Temperance Building Association, Appellant, v. Anna Evans Devore, Executrix, Appellee.

### Gen. No. 15,380.

1. CORPORATIONS—*what not essential to enforcement by creditor of stock liability*. A call by the directors of a corporation for the payment of a stock subscription is not essential to a recovery thereof by a creditor of such corporation.

2. CORPORATIONS—*what not defense to action at law by creditor to enforce stock liability*. Fraud by a corporation or its representatives in obtaining a stock subscription is not a defense to an action by a creditor of such corporation to enforce a stock liability.

3. APPEALS AND ERRORS—*when final judgment entered for plaintiff*. If the trial court should have entered a judgment for the plaintiff for a certain sum the Appellate Court in reversing a judgment against the plaintiff may render a judgment in his favor for the proper amount.

Attachment. Appeal from the Circuit Court of Cook county; the Hon. JOHN A. GRAY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1909. Reversed and judgment here. Opinion filed March 21, 1911.

**Statement by the Court.**   Attachment   suit   was brought by appellant against the Mutual Reserve Contract Company, a corporation of the State of West Virginia, which was authorized by its charter to keep its principal office and place of business in Chicago. John A. Devore, together with other subscribers to the capital stock of the last named corporation, was made a garnishee defendant and duly served. He filed his answer but died before the hearing of the case, and the appellee, as executrix of his will, was substituted as garnishee defendant.

The eighth interrogatory reads as follows: "Did you, or any or either of you, subscribe to any capital stock of the defendant, Mutual Reserve Contract Company? If so, state when, for how many shares, at how much per share, and when payable."

A plea was filed by all of the garnishee defendants,

154    APPELLATE COURTS OF ILLINOIS.

Woman's Temperance Building Assn. v. Devore, 160 Ill. App. 153.

to which a demurrer was sustained. Afterwards answers were filed, and the question comes before us upon the answer to the eighth interrogatory above set forth. In answer to this interrogatory Mr. Devore admitted that he subscribed for ten shares of the stock at the par value of $100 each; that he made the subscription subsequent to the 12th day of November, A. D. 1894, and prior to the 1st day of February, A. D. 1895. He then sets up the incorporation of the company in West Virginia, which shows that the original amount of capital stock was $10,000, which was subscribed for by five men other than himself. He states that he has learned from a creditors' bill filed against the company that at a stockholders' meeting a certain resolution was adopted which provided for the increase of the capital stock to $500,000; that 250 shares of stock were to be issued to one William S. Fell, as fully paid and as compensation for the services and disbursements of Fell in promoting and organizing the company; that he, Devore, did not know of this resolution; that he was falsely and fraudulently persuaded to subscribe for the stock; that subsequently on July 11, 1895, the Contract Company became wholly insolvent, and a creditor's bill was filed against it in the Circuit Court of Cook county, and that until the commencement of the suit in attachment and the service upon him of the garnishee process he did not know that the representations of the Contract Company, through which he was induced to subscribe for the stock, were false and fraudulent. He therefore claimed that he was discharged from any and all liability to the Contract Company by or through his subscription to the stock.

In answer to the ninth interrogatory the garnishee states, that he has paid to the Contract Company $600 upon his subscription.

Judgment was rendered in the attachment suit against the Contract Company, upon which there was

personal service for $3,042.32.   Execution was issued thereon and a return of *nulla bona* was made thereon by the sheriff.   Afterwards a judgment was rendered against the appellee, as executrix of John A. Devore, deceased, upon the answer, for $650 to be paid in due course of administration.   This was set aside, and on a second hearing the jury, under instructions from the court, found a verdict in favor of the executrix.

Appellant asks this court to reverse the judgment, and to enter a judgment in this court for the unpaid balance of the subscription with interest.

EDWIN TERWILLIGER, JR., for appellant; PRINGLE, NORTHUP & TERWILLIGER, of counsel.

FRED A. BANGS, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

This case seems to have been tried in part upon the theory that a demand must be made before a suit can be instituted upon a stock subscription, and it is insisted by the appellee that in order to entitle appellant to recover it must show that the call had been made upon the stockholders by the board of directors. In the case of Edwards v. Schillinger, 245 Ill. 231, the Supreme Court of this state held "the liability of a stockholder for unpaid subscriptions is several and not joint, and the creditor is not bound to settle up affairs of the corporation in order to obtain his dues.   (Hatch v. Dana, 101 U. S. 205.)

"A creditor of a corporation seeking satisfaction of his debt, need look no further than to find a solvent stockholder, who is liable for it, and he sustains no relation to the corporation which requires him to adjust equities between stockholders or even the corporation and others (Ogilvie v. Knox Ins. Co., 22 How. 380)."

As we hold upon the foregoing authority that no call was necessary, especially as Mr. Devore had al-

ready paid part of the subscription, it is unnecessary for us to discuss the question of secondary evidence in reference to what was done by the board of directors with regard to a call upon the subscription for stock.

Another reason assigned by the appellee why the appellant should not recover is that the subscription of Mr. Devore to the stock was obtained by fraud. The only evidence in the record that we have been able to discover of this alleged fraud, is the statement made in the answer to the eighth interrogatory set forth in the foregoing statement, and it will be noticed that this is stated on information derived by the garnishee from a bill filed in the Circuit Court of Cook county. If we accept this portion of the answer as evidence, notwithstanding the fact that it was on information and belief, still we find that the stockholders voted the 250 shares to Fell as remuneration for his services, and prior to the subscription made by Mr. Devore. Our opinion is that under the circumstances this defense in a suit brought by a creditor of the corporation, as is the one before us, is not available.

Inasmuch as the trial court should have instructed the jury to find a verdict for the plaintiff in the court below for the sum of $400, together with interest from the date of the subscription, we think a judgment should be entered in this court in favor of the appellant against the appellee under the authority of Commercial Ins. Co. v. Scammon, 123 Ill. 601.

The order will therefore be that the case be reversed and that judgment be rendered in this court upon the finding in favor of the Woman's Temperance Building Association against Anna Evans Devore, executrix of the last will and testament of John A. Devore, deceased, in the sum of $722.22, to be paid in due course of administration.

*Reversed and judgment here.*