(No. 15772.—Reversed and remanded.)

MILKA MIRICH, Plaintiff in Error, *vs.* THE T. J. FORSCH-NER CONTRACTING COMPANY, Defendant in Error.

*Opinion filed April 14, 1924—Rehearing denied June 6, 1924.*

1. PRACTICE—*parties are entitled to a jury trial of questions of fact in suit at law.* Parties are entitled to a jury trial of questions of fact in common law actions, and the guaranty of the right of trial by jury means trial by jury as enjoyed at the time of the adoption of the constitution.

2. SAME—*jury must determine weight of conflicting evidence.* In actions at law, where there is a conflict in the testimony, it is for the jury to weigh and determine the evidence admitted by the court as competent.

3. SAME—*when trial court cannot take case from the jury.* A trial court has no power, when a jury is not waived, to determine the weight and preponderance of conflicting evidence introduced to establish or disprove facts or to take a case from the jury and direct a verdict where there is legitimate evidence tending to prove the cause of action, as such procedure is a direct violation of the constitutional right of trial by jury.

4. SAME—*when trial court may direct a verdict.* On motion to direct a verdict, the power of the trial court is limited strictly to determining whether there is or is not evidence legally tending to prove the facts alleged, and where the evidence does not tend to prove the cause of action alleged, it is not a denial of the right of trial by jury for the court to direct a verdict.

5. SAME—*when section 120 of Practice act applies—validity.* Section 120 of the Practice act, providing that the judgment of the Appellate Court reversing that of the trial court with a finding of facts shall be conclusive, applies only to cases where a jury is waived in the trial court or where the trial court would have been justified in directing a verdict because the evidence does not tend to establish a cause of action, and, applied to such cases, the statute is not invalid as depriving a party of his constitutional right to trial by jury.

6. SAME—*when Appellate Court cannot reverse with finding of facts without remanding.* In actions at law tried by jury, where the evidence is conflicting and that for the plaintiff unquestionably tends to establish a cause of action, the Appellate Court is not authorized, by section 120 of the Practice act, to reverse a judg-

ment for the plaintiff and make a finding of facts without remanding the case, as such procedure would be an exercise by the Appellate Court of the functions of a jury. (*Borg* v. *Chicago, Rock Island and Pacific Railway Co.* 162 Ill. 348, overruled.)

WRIT OF ERROR to the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

WILLIAM CULLEN BURNS, and CHARLES C. SPENCER, for plaintiff in error.

POMEROY & MARTIN, (JUNE C. SMITH, BRUCE A. CAMPBELL, FRANK T. MILLER, THOMAS F. DONOVAN, WILLIAM L. PATTON, SILAS H. STRAWN, JAMES M. SHEEAN, and GEORGE W. MILLER, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

Milka Mirich, a minor, by her father and next friend, sued the T. J. Forschner Contracting Company, a corporation, for personal injuries. Plaintiff at the time of the injury was not quite two years old and was living with her father and mother in a house near the Calumet river, just south of One Hundred and Twenty-seventh street, in the city óf Chicago. Defendant had a contract with the Sanitary District to excavate a channel or sewer 12,000 feet long in connection with the Calumet Sag channel. The house in which plaintiff lived with her parents was on the ground where the work was being done. It was built at defendant's request and occupied by plaintiff's parents for the purpose of affording a boarding place for men employed by defendant. Defendant furnished the material to build the house, and the cost was afterwards re-paid to defendant by plaintiff's father. The house stood within thirty or forty feet of a track laid with iron rails, built and used by defendant

for hauling on cars the material excavated, to a dump at Calumet river. The defendant's tracks were laid on ground which was part of the right of way of the Pennsylvania Railroad Company for a distance of 1190 feet from One Hundred and Twenty-seventh street south to what is known as the Indian boundary line and then curved westerly to the dumping place. The house where plaintiff lived with her parents was west of defendant's tracks, faced west and had an enclosed porch on the east. The child escaped from the house about five minutes before the accident, strayed on or near the track, and was injured by a train of cars being pushed ahead of an engine toward the dumping ground. The original count set out the physical situation surrounding the place of the accident and alleged defendant negligently and carelessly managed and operated its train of dump cars and locomotive without keeping any lookout ahead, and without sounding any warning signals or taking any precautions whatever to stop said train of cars and engine or to avoid striking plaintiff, by reason of which she was struck and injured. An additional count alleged defendant failed to stop its cars when the danger to plaintiff was imminent, but carelessly, recklessly and wantonly ran its train of cars upon and against plaintiff. The case was tried by jury and a verdict returned for the plaintiff for $12,500, upon which the court rendered judgment. Defendant appealed to the Appellate Court, and that court reversed the judgment of the circuit court, made a finding of facts that defendant was not guilty of the negligence charged in the declaration, and did not remand the case. Plaintiff has sued out this writ of error to the Appellate Court on the ground that the validity of a statute and the construction of the constitution are involved, and those questions arose for the first time in the Appellate Court. *Sixby* v. *Chicago City Railway Co.* 260 Ill. 478.

It is unnecessary to a decision of this case to set out the evidence. There were but two eye-witnesses to the ac-

cident,—the brakeman and the engineer of the train which struck and injured plaintiff. The testimony of the brakeman, who was a witness for plaintiff, tended to establish the cause of action, while that of the engineer tended to rebut it.

The constitutional questions raised by the assignment of errors are, that section 120 of the Practice act is invalid as being repugnant to the constitutions of the United States and the State of Illinois, in that if the statute authorized the judgment of the Appellate Court it deprives plaintiff of trial by jury, contrary to section 5 of article 2 of the State constitution; that said statute deprives plaintiff of her property without due process of law, abridges her privileges and immunities and denies her the equal protection of the laws, in violation of the Federal constitution.

Section 120 of the Practice act provides that if any final determination of any case, except in chancery, shall be made by the Appellate Court as the result of finding the facts concerning the matter in controversy different from the finding of the trial court it shall be the duty of the Appellate Court to recite in its final judgment the facts as found, and the judgment of the Appellate Court shall be final and conclusive as to all the facts in controversy. In such a case this court has held the only question which can be reviewed by the Supreme Court is whether the facts found by the Appellate Court justified the judgment. The important question presented for determination is whether, if the statute be construed to apply to cases where the evidence is conflicting, (that of the plaintiff in the trial court legally tending to establish the cause of action and the evidence on the part of the defendant being to the contrary,) it is invalid as repugnant to the constitutional right of trial by jury.

The Federal constitution provides that in all suits at common law where the value in controversy exceeds $20, "the right of trial by jury shall be preserved." Our State

constitution of 1818 provided that "the right of trial by jury shall remain inviolate." The constitution of 1848 provided: "The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy." Our present constitution provides: "The right of trial by jury as heretofore enjoyed shall remain inviolate; but the trial of civil cases before justices of the peace by a jury of less than twelve men may be authorized by law." It has been decided by this court that the guaranty of the right of trial by jury means trial by jury as enjoyed at the time of the adoption of the constitution.

On questions of fact, where there is a conflict in the testimony, in actions at law, it is for the jury to weigh and determine the evidence admitted by the court as competent. In *Commercial Ins. Co.* v. *Scammon,* 123 Ill. 601, it was held that where the evidence is such that the trial court would be warranted in directing a verdict but fails to do so, an appellate court in rendering the judgment which the trial court should have rendered no more invades the province of the jury than would the trial court if it had directed the jury what verdict to return. The court said it was not the function of the trial judge to weigh the evidence and determine where the preponderance is, but the court was strictly limited to determining whether there is or is not any evidence legally tending to prove the fact affirmed,—evidence from which, if believed, and not considering any controverting evidence, it might reasonably be inferred the fact affirmed existed. The court held it was to that character of cases the statute applied, and that, so applied, it would not be repugnant to the constitutional guaranty of the right of trial by jury.

In *Jones* v. *Fortune,* 128 Ill. 518, the action was for a personal assault. There was a verdict and judgment for the plaintiff, which the Appellate Court reversed for error in giving an instruction and in admitting certain testimony. The Appellate Court did not remand the case but rendered

final judgment against the plaintiff without finding and reciting the facts in its final judgment. This court reversed the judgment of the Appellate Court and remanded the case to that court, with directions to find and recite the facts or remand the case to the trial court. The court said the case belonged to the class of cases in which the right of trial by jury was guaranteed by the constitution; that under previous decisions of the court it was competent for the trial court to exclude the evidence from the jury where it had no legitimate tendency to prove the cause of action alleged, and in such case on appeal to the Appellate Court that court had the power to do what the trial court should have done at the trial. The court said: "But it is manifest that if the Appellate Court shall reverse the trial court for error in its rulings of law it must remand the cause for a new trial unless it shall find that the evidence does not tend to prove the cause of action alleged, for otherwise it will deprive the plaintiff of the guaranteed right of trial by jury. * * * Appellant is entitled to a new trial unless the evidence does not tend to prove the cause of action alleged, and he is entitled to have this court review the law as applied to the findings of the Appellate Court in this respect."

In *Neer* v. *Illinois Central Railroad Co.* 138 Ill. 29, the action was for the recovery of damages for the death of plaintiff's intestate, caused by the alleged negligence of defendant. There was a verdict and judgment for the plaintiff, which was reversed by the Appellate Court and the case remanded. The second trial again resulted in a verdict and judgment for the plaintiff. On appeal to the Appellate Court that court reversed the judgment without remanding the case but did not find and recite the facts in its judgment, as required by statute. This court reversed the judgment of the Appellate Court and remanded the case to that court for the reason that the facts on which the judgment was predicated were not found and recited in the

judgment.  Thereafter the Appellate Court rendered judgment *de novo*, reversing the judgment of the circuit court without remanding the case but incorporating in its judgment a finding of facts.  The finding of facts is quite lengthy, but the substance of it is that the deceased's death resulted from his own negligence and that the defendant was not guilty of any negligence or want of ordinary care.  The case was again brought to this court, and the opinion was delivered by Mr. Justice Magruder.  (151 Ill. 141.)  The author said it was his view that the statute, which was then section 87 of the Practice act, was not intended by the legislature to apply to cases tried before juries but only to cases tried by agreement without a jury, and that if it applied to cases tried by jury it would be unconstitutional, as substituting the judgment of the Appellate Court for that of a jury on controverted questions of fact, but that a majority of the court were of opinion the statute applied to cases tried by jury, citing three previous decisions, one of which was *Siddall* v. *Jansen,* 143 Ill. 537.

In the *Siddall case* the action was for a personal injury.  There was a verdict and judgment for plaintiff.  The Appellate Court reversed the judgment without remanding the case but did not make and recite any finding of facts in its final judgment.  The court said it was apparent the Appellate Court did not reverse the judgment of the trial court for errors of law arising out of rulings on the trial, but that the sole ground was that the evidence failed to show defendants were guilty of negligence,—and that appears to have been conceded by counsel.  This court reversed the judgment of the Appellate Court and remanded the case to that court, with directions to either remand the case to the trial court or make and recite in its final judgment a finding of facts.  The constitutionality of the statute is not discussed but only its construction.  The court cites and quotes from *Jones* v. *Fortune, supra,* and also cites in support of its judgment *Commercial Ins. Co.* v. *Scammon, supra, Neer*

v. *Illinois Central Railroad Co.* 138 Ill. 29, and four or five other cases. Justice Magruder dissented in the *Siddall case*, and expressed it as his opinion that the statute was not intended to apply to a case which had been tried by a jury, and that if it was intended to so apply it would violate the constitutional right of trial by jury, and refers in the opinion written by him in *Neer* v. *Illinois Central Railroad Co.* 151 Ill. 141, to his dissenting opinion in *Siddall* v. *Jansen* as expressing his views.

In *Fitzsimmons* v. *Cassell,* 98 Ill. 332, the Appellate Court reversed the judgment of the trial court and did not remand the case and did not make a finding of facts. This court said the whole controversy turned on a pure question of fact; that section 89 of the Practice act provided that this court could review judgments of the Appellate Court on questions of law, only, and reversed the judgment of the Appellate Court and remanded the case to that court, with directions that if its judgment was the result of finding the facts different from the trial court it make a finding of facts and render a proper judgment. The court said, where there is a contrariety of evidence tending to establish opposite states of facts, and the Appellate Court reverses the judgment of the trial court without remanding the case and does not recite the facts in its final judgment, no error of law is preserved for review by this court and such judgment is erroneous; that if the Appellate Court in such case found the facts different from the trial court it should recite the facts as found by that court in its judgment. The question here presented was not involved in that case, and what the court said about the Appellate Court finding the facts different from the trial court in a case where there was a contrariety of evidence was not pertinent to the decision but was dictum.

So far as we have discovered, the question whether the statute was intended to authorize the Appellate Court to reverse a judgment of the trial court with a finding of facts

and render final judgment for the defendant when the evidence was conflicting as to the facts in issue, and whether, if it was intended to confer that power, it would be constitutional, was never passed upon prior to 1896, though many cases decided before that time are to be found where judgments of the Appellate Court reversing judgments of trial courts without remanding were before this court.

*Borg* v. *Chicago, Rock Island and Pacific Railway Co.* 162 Ill. 348, decided in 1896, was an action for personal injuries. There was a trial by jury and verdict and judgment for plaintiff. On appeal to the Appellate Court that court reversed the judgment with a finding of facts recited in its judgment, that plaintiff's injury was the result of his own carelessness and was not due to any negligence of the defendant, and did not remand the case. This court held that to be the end of the suit. The court said the judgment of the Appellate Court was pursuant to what was then section 87 (but now is section 120) of the Practice act. It was contended in this court by the plaintiff that the Appellate Court had no right to exercise the power conferred by section 87, because the determination of the questions of fact in issue rested upon and required the weighing of testimony and a determination of the credibility of the witnesses. The court said, at the trial plaintiff testified to a state of facts which would justify a verdict in his favor, and on the part of defendant a large number of witnesses testified to a contrary state of facts. Plaintiff contended in this court that the Appellate Court could reverse without remanding only under the same circumstances where a trial court could direct a verdict, and that it was never intended by the statute to enlarge the powers of the Appellate Court beyond those possessed by the trial court. Under that interpretation it was conceded the statute would be constitutional, but it was insisted that if the statute authorized the Appellate Court judgment in a case where the plaintiff's evidence, considered alone, was sufficient to justify a verdict

in his favor, it deprived plaintiff of his constitutional right of trial by jury. The court said the constitution of this State guaranteed the right of trial by jury as the right had previously existed; that when this court was first established it was confined to the English practice of reviewing cases only upon errors of law, and in its early history the question of entering final judgment or remanding causes was the subject of statutory regulation, which has been continued ever since and been extended to the Appellate Court, and that under the statute, during the period the court reviewed cases only upon errors of law, it had power to reverse judgments for errors of law without remanding the case. Since 1837 the court has been authorized to review the evidence and consider questions of fact on appeal or writ of error. The court further said, under the statute it became the practice of this court to review questions of fact as well as of law, and reverse without remanding, up to the time of the adoption of the present constitution, and the court cites twelve cases decided between 1858 and 1870 in support of that statement. The court said the right of trial by jury was understood to be as it existed, subject to the right of this court (which was extended to the Appellate Court) to review judgments of trial courts on facts and reverse them without remanding for a new trial, and it was the right so enjoyed which was preserved by the constitution. When the Appellate Court was organized the power to determine questions of fact was conferred on it, and the proviso for reciting the facts was annexed, which the court said was intended to confer on the Appellate Court more extended powers than the judge of the trial court had, and give it power, if it found the facts different from the trial court, to recite the facts found in the final judgment. The court said the right to trial by jury was not the right to an indefinite number of jury trials of the same cause, when the Appellate Court should find on review that a recovery would be a perversion of justice.

The *Borg case* holds the statute authorizes the Appellate Court to reverse judgments of the trial courts on a finding of the facts without remanding, and render final judgment, and the only question for review by this court is not whether the Appellate Court's conclusion is correct, but whether the law was properly applied to facts found by that court. The *Borg case* cites *Fitzsimmons* v. *Cassell, supra,* which, so far as we have discovered, is the only case in which this court has held the Appellate Court has the power to reverse a judgment of the trial court on a finding of facts without remanding the case, when the evidence on the trial tended to establish the fact alleged by the plaintiff and that of the defendant tended to rebut it. In that case the court apparently assumed, without the question having been raised or discussed, that the statute authorized the Appellate Court in any case, if it concluded the evidence on the fact in issue preponderated in favor of the defendant, to so find and reverse the judgment without remanding the case.

Counsel for plaintiff have filed in this court, as an appendix to their brief, copies of the judgments, certified by the clerk of this court, in ten of the twelve cases cited in the *Borg case,* in support of the proposition that prior to the adoption of our present constitution this court exercised the power to reverse judgments on a consideration of the facts without remanding the case. In nine of the ten cases cited the judgment was one of reversal and remandment. In the other one of the ten cases (*Phillips* v. *City of Springfield,* 39 Ill. 83,) the judgment was reversed without remanding. That case was a prosecution for the violation of a city ordinance, and the defendant was found guilty by the circuit court. This court held there was no evidence to prove the charge and reversed the judgment without remanding the case. The clerk was unable to find the record of the judgments in the other two of the twelve cases cited in the *Borg case.* It does not appear from the opinions in the nine cases referred to, as they are printed in the Re-

312—23

ports, that the cases were remanded, as the judgments show they were.

In *Patterson* v. *Warfield,* 233 Ill. 147, the jury in an action at law, by direction of the trial court, returned a verdict for plaintiff. On appeal to the Appellate Court that court reversed the judgment and remanded the case. Plaintiff was permitted an appeal to this court under section 119 of the Practice act, upon stipulating that final judgment might be entered against him by this court if he failed to prosecute his appeal with effect. The defendant, who did not stipulate that this court might enter final judgment, contended that if this court entered final judgment on the facts it would be a deprivation of the right to trial by jury. The merits of the case depended upon the facts, and they appear to have been conflicting. The court said, if it entered any judgment against the plaintiff except one of affirmance of the Appellate Court it would be required to weigh and consider the evidence, and cited decisions that the function of a trial court is strictly limited to determining whether there is any evidence legally tending to prove the fact affirmed; that it is not the province of that court to weigh the evidence and ascertain where the preponderance lies. If there is evidence legally tending to establish the cause of action it is the province of the jury to determine the credibility of the witnesses and on which side the preponderance lies. The court said: "This court has no more power to infringe upon the right of trial by jury than has the trial court. If a trial court should have taken the case from the jury, a court of review, on appeal, might be authorized to exercise the same power but no greater." The court held section 119, as applied to cases where this court, to render final judgment, would have to weigh and consider the evidence on controverted questions of fact, was unconstitutional, and dismissed the appeal.

The right to try by jury questions of fact in common law actions has always been recognized in this country.

The Supreme Court of the United States said in the early case of *Parsons* v. *Bedford,* 3 Pet. 433, that the right of trial by jury was dear to the American people; that one of the strongest objections to the adoption of the constitution was the want of a provision securing the right of trial by jury in civil cases, and that as soon as the constitution was adopted that right was secured by the adoption of the seventh amendment. Much has been said in decisions of courts and by law writers on the importance and sacredness of the right of trial by jury; but that is recognized by every American and needs no discussion here. The question which now concerns us is, if section 120 of the Practice act be construed to authorize the Appellate Court, in a case tried by a jury, to weigh and consider conflicting testimony tending to establish opposite states of facts on the issues involved, and make a finding of facts contrary to the finding of the trial court, recite the facts as found by the Appellate Court in its final order and reverse the judgment of the trial court without remanding the case for another trial, does that section violate the right of trial by jury guaranteed by the constitution? That question was raised in and decided by the *Borg case* for the first time, though, as mentioned in the opinion, in two previous decisions in which the question was not necessarily involved the court expressed a contrary view to that announced in the *Borg case.* In none of the cases involving the question, decided since the decision in the *Borg case,* so far as we have discovered, has the question been discussed, but the statement was made that the question had been settled by the decision in the *Borg case,* and that decision was followed.

It must, we think, be accepted as settled law that a trial court has no power, when a jury is not waived, to determine the weight and preponderance of conflicting evidence introduced to establish or disprove the facts. The decisions are numerous, and are uniform, that the trial judge is never authorized to take a case from the jury where there is legiti-

mate evidence tending to prove the cause of action. When a motion is made to direct a verdict it is not the province of the trial court to weigh and determine the preponderance of the testimony. This court has held in many cases that such a motion raises a question of law, and the function of the trial court is limited strictly to determining whether there is or is not evidence legally tending to prove the fact alleged. If there is such evidence the case must be submitted to the jury even though the greater weight of the evidence may seem to the court to be on the side of the other party. It has always been recognized that for a trial court to weigh and determine conflicting evidence and direct the jury what verdict to render would be a direct violation of the constitutional right of trial by jury. The parties are entitled, under the constitution, to have the facts passed on by a jury. If the legislature cannot authorize the trial court to take a case from the jury where the evidence as to the truth of the facts alleged is conflicting, and render judgment, how can it confer that power on the Appellate Court? We think the answer must be that the legislature cannot confer such power on the Appellate Court. Just why it would be a violation of the right of trial by jury if the trial court exercised such powers and would not be a violation of such right for the Appellate Court to exercise the powers seems difficult to comprehend. It is not giving a party the full right guaranteed him by the constitution to protect him in his right to trial by jury in the trial court and confer upon an appellate tribunal the power to weigh and determine the preponderance of conflicting evidence, and, if it finds contrary to the trial court, render final judgment in accordance with the appellate court's views of the preponderance of the evidence. It is aptly said by Judge Cooley in his work on Constitutional Law (3d ed. p. 266): "It would be of no importance that one should have a jury trial in the first instance if his adversary might then remove the case to another court to be tried by the

judge himself." This seems a clear and unanswerable state-
ment of a proposition of law. In our opinion section 120
of the Practice act was intended only to apply to cases
where a jury was waived in the trial court by agreement
of the parties, or where tried by jury the trial court would
have been justified in directing a verdict because the evi-
dence did not tend to establish a cause of action but refused
to do so. In such a case the Appellate Court may reverse
the judgment with a finding of facts and not remand the
case, for it has been held many times that for a trial court
to direct a verdict where the evidence does not tend to
prove the cause of action alleged is not a denial of the
right of trial by jury. If the trial court failed to do its
duty it would seem there could be no legal objection to giv-
ing the Appellate Court the same power possessed by the
trial court. But if the statute be construed to confer on
the Appellate Court the same functions exercised by a jury
in a trial court, such construction would render it uncon-
stitutional, as depriving a party of the constitutional right
to trial by jury. As applied to cases which in our opinion
it was intended to apply, it would not be unconstitutional.

As we have said, the *Borg case,* decided in 1896, in which
the question was raised whether the statute applied to cases
where the evidence was in conflict, is the only case in which
the question was argued out, and it has since been cited and
followed in other cases. That case seems to have been based
on what seemed from the published opinions of this court
to have been the practice of the Supreme Court, prior to the
adoption of our present constitution, of reversing judgments
on the facts without remanding the cases, and the court
held the right of trial by jury which was preserved was the
right as it existed, subject to the power of this court (sub-
sequently extended to the Appellate Court) to review judg-
ments of trial courts on the facts and reverse them with-
out remanding the case. The judgments in nine of the
ten cases cited by the court in the *Borg case* do not bear

out the statement that at and for many years before the adoption of our present constitution it was the practice of this court to review the facts and reverse judgments of trial courts on conflicting evidence without remanding the cases.

This being a case tried by jury,—and the evidence of plaintiff seems unquestionably to have tended to establish a cause of action,—the statute did not authorize the Appellate Court to reverse the judgment with a finding of facts and not remand the case. If the statute be construed to authorize the judgment of the Appellate Court in this case, it would authorize that court, in any case depending on facts, where the evidence was conflicting, to weigh and determine on which side is the preponderance of the testimony which that court believed, and would give that court the power to exercise the functions of a jury, which we have repeatedly held the trial court could not do, and the statute would be as much a violation of the right of trial by jury as if it had attempted to confer the same power on the trial court. One of the recognized benefits of trial by jury is that the jury sees and hears the witnesses, which gives them superior advantage over a reviewing court in determining the credibility of the witnesses and the weight and credit that should be given their testimony. Construed to apply only to cases where a jury was waived by the parties in the trial court or to cases where the trial court was authorized to direct a verdict, we think the statute is constitutional.

For the error committed by the Appellate Court in reversing the judgment of the trial court with a finding of facts the judgment of the Appellate Court is reversed and the cause remanded to that court, with directions that it either affirm the judgment of the circuit court or reverse and remand the case to that court for a new trial.

*Reversed and remanded, with directions.*