to a reasonable extension of such period depending upon causes which may excuse such delay, and such contract does not limit plaintiff to exactly fifty days in which it must complete such construction.

2. CONTRACTS, § 322*—*what not equivalent to breach.* Where a contract provided that plaintiff should construct a chimney for defendant "in about fifty working days," and also expressly provided that the time named shall be contingent upon causes of delay beyond the control of plaintiff, and where plaintiff refuses to agree to complete the construction within a named time at the request of defendant, such refusal does not amount to a renunciation or abandonment of the contract by plaintiff, for the reason that plaintiff had a right to anticipate that the character of the work and the season of the year, which was winter, may cause delays which are excusable under the provisions of the contract and which may prevent the completion of construction within such named time.

3. CONTRACTS, § 319*—*when breach does not arise before time for performance.* In an action to recover on a contract whereby plaintiff agreed to construct a chimney for defendant in "about fifty working days," and where defendant sought to cancel the contract claiming breach by plaintiff, the question whether evidence that a special meaning of the term "working days" obtained in the construction trade was competent as bearing on the question of a breach is immaterial where it appears by applying defendant's construction of the words to the facts in the case that no breach had taken place when defendant canceled the contract.

4. APPEAL AND ERROR, §1392*—*when refusal of peremptory instruction not error.* In an action to recover on a contract whereby plaintiff agreed to construct a chimney for defendant in "about fifty working days," where the facts proved did not amount as a matter of law to a renunciation of the contract by plaintiff, peremptory instruction for defendant *held* erroneous.

---

**Eugene A. Bournique, Appellee, v. John B. Drake et al., on appeal of John B. Drake, Appellant.**

**Gen. No. 20,830.   (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed October 5, 1915. Rehearing denied October 15, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Bournique v. Drake et al., 195 Ill. App. 12.

## Statement of the Case.

Suit by Eugene A. Bournique against John B. Drake and others for broker's commissions based upon the claim that plaintiff was the authorized agent of defendant to find a purchaser of certain real estate belonging to the estate of John B. Drake, Sr., and that he was the procuring cause of the sale thereof. It appeared that the property in question was purchased by the trustee of the estate of Marshall Field for $1,100,000, that the property was first offered to the Field estate by Drake, but that the trustees were not then in a position to purchase it, that such property was located near the retail store of Marshall Field & Company and was desirable for the Field estate and that the purchasers and seller were acquainted with each other. The plaintiff had nothing to do with the negotiations in which the terms of sale were discussed, and though the evidence was conflicting, it tended to show that the purchasers treated the plaintiff's efforts with courtesy but finally took up the matter of purchasing directly with Drake. At the trial the plaintiff recovered a judgment for $27,500, two and one-half per cent. of the selling price, and the defendant appeals.

WILSON, MOORE & MCILVAINE, for appellant; N. G. MOORE, of counsel.

MILLER, GORHAM & WALES, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

BROKERS, § 37*—*when broker not procuring cause of sale.* Evidence *held* insufficient to show that a broker was the procuring cause of a sale of real estate, where the sellers had submitted the property to the buyer at the same price before the broker, and the vendee told the latter that knowing the sellers, the buyers would probably deal

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

directly with the vendor, and thereafter without the broker's aid or influence purchased directly from the sellers.

Charles J. Errant, trading as Chicago Special Construction Company, Appellee, v. Columbia Western Mills, Appellant.

Gen. No. 20,847.    (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. HARRY P. DOLAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed. Opinion filed October 5, 1915.

## Statement of the Case.

Action by Charles J. Errant, trading as Chicago Special Construction Company, against Columbia Western Mills, a corporation, to recover a balance claimed to be due under a written contract between plaintiff as contractor and defendant as owner. Such contract called for the construction of a large concrete tunnel for carrying steam pipes and conduits for carrying electric cables, and some incidental work at the price of $8,000, of which $6,000 was paid. The contract price was payable only upon certificates signed by the architect, and ninety per cent of the value of the work was payable on satisfactory completion. On completion of the tunnel, the plaintiff demanded payment of the "balance," but the architect notified him to complete the back-filling and replace fences as required by the contract. Later a portion of the tunnel caved in which the architect claimed the plaintiff should restore. The plaintiff continued his demands for a final certificate and on refusal commenced this action for the balance and some extras. Defendant denied legal liability and claimed grounds for recoupment. After the action was commenced the defendant per-