(No. 16172.—Reversed and remanded.)
MARY W. WALLACE, Plaintiff in Error, *vs.* BENJAMIN
F. J. ODELL, Defendant in Error.

*Opinion filed December 16, 1924.*

APPEALS AND ERRORS—*Appellate Court cannot reverse judgment without remanding where evidence is conflicting.* Where the evidence is conflicting and there has been a trial before a jury and a verdict and judgment for the plaintiff, the Appellate Court is not authorized, because it has reached a different conclusion on a consideration of the facts than was reached by the trial court, to reverse the judgment without remanding the cause for a new trial. (*Mirich* v. *Forschner Contracting Co.* 312 Ill. 343, followed.)

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

GURDON WILLIAMS, and P. R. BOYLAN, for plaintiff in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Mary W. Wallace, was the plaintiff in an action instituted in the municipal court of Chicago against defendant in error, Benjamin F. J. Odell, an attorney at law, for the recovery of a sum of money which she claimed he was unlawfully retaining. There was a trial by jury and a verdict for $2000 in favor of plaintiff in error. A judgment was entered on this verdict and an appeal taken to the Appellate Court for the First District. March 3, 1924, the Appellate Court entered its judgment reversing the judgment of the municipal court with a finding of fact that defendant in error had rendered legal services to plaintiff in error which were of greater value than the amount of money which he had retained. Judgment was entered

in the Appellate Court on this finding, and the cause is brought here for review by *certiorari.*

At the April term of this court we held that where, as in this case, there has been a trial before a jury and the evidence in the case is conflicting, the statute does not authorize the Appellate Court to reverse the judgment for the reason that it has reached a different conclusion on a consideration of the facts than was reached by the trial court, without remanding the cause for a new trial. (*Mirich* v. *Forschner Contracting Co.* 312 Ill. 343.) For the reasons given in that case we must reverse the judgment of the Appellate Court and remand the cause to that court for further proceedings in harmony with the views therein expressed, and it is accordingly done.

*Reversed and remanded.*