# Eugene A. Bournique, Appellant, v. John B. Drake, Appellee.

## Gen. No. 29,292.

1. APPEAL AND ERROR—*erroneous direction of verdict in supposed obedience to judgment of reversal.* The direction of a verdict for defendant on retrial because the evidence was substantially the same as on the former trial erroneously takes away the right to a jury trial, where the trial court acted on the supposition that the Appellate Court ruled that the evidence was insufficient to establish a cause of action whereas it merely held that the verdict for the plaintiff was against the preponderance of evidence.

2. APPEAL AND ERROR—*law of the case on second trial.* The language of the Appellate Court in reversing a judgment that "there is insufficient evidence to support the judgment" is not equivalent to a finding that the evidence is insufficient to support the cause of action and does not justify a direction of a verdict at the second trial on the ground that the evidence is the same as that produced at the first trial and passed upon by the Appellate Court.

Appeal by plaintiff from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1924. Reversed and remanded. Opinion filed January 26, 1925. Rehearing denied February 9, 1925.

MILLER, GORHAM, WALES & NOXON, for appellant.

CUTTING, MOORE & SIDLEY, for appellee; N. G. MOORE, of counsel.

MR. JUSTICE JOHNSTON delivered the opinion of the court.

This is an appeal by the plaintiff, Eugene A. Bournique, from a judgment in favor of the defendant, John B. Drake, in an action by the plaintiff to recover a commission for procuring the sale of property of which the defendant was one of the owners.

The case has been tried twice, and two appeals have been prosecuted, the present appeal being the second appeal. On the first trial, which was before a jury, the jury returned a verdict in favor of the plaintiff in the sum of $27,500. From the judgment on this verdict the defendant appealed to the Appellate Court. The judgment was reversed by the Appellate Court and the cause was remanded for a new trial. On the second trial, which was also before a jury, the trial court directed the jury to return a verdict in favor of the defendant. From the judgment on this verdict, the plaintiff has prosecuted the present appeal.

The action of the trial court on the second trial in directing a verdict in favor of the defendant was based on the theory that the evidence on the second trial was substantially the same as the evidence on the first trial, and that in view of the decision of the Appellate Court reversing the judgment entered on the first trial and remanding the cause for a new trial, the only course that the trial court could pursue was to direct a verdict in favor of the defendant.

Counsel for the plaintiff contend that the action of the trial court on the second trial in directing the jury to return a verdict in favor of the defendant deprived the plaintiff of his constitutional right of trial by jury, and that therefore the trial court committed reversible error. In support of their contention counsel for the plaintiff rely on the case of *Mirich v. Forschner Contracting Co.*, 312 Ill. 343. We are of the opinion that the contention of counsel for the plaintiff is correct.

After the case at bar was submitted to this court, the Supreme Court in the case of *Wallace v. Odell*, 314 Ill. 485, followed the case of *Mirich v. Forschner Contracting Co., supra*. In approving the case of *Mirich v. Forschner Contracting Co.*, the Supreme Court said in the case of *Wallace v. Odell, supra* (p. 486):

"At the April term of this court we held that where, as in this case, there has been a trial before a jury and the evidence in the case is conflicting, the statute does not authorize the Appellate Court to reverse the judgment for the reason that it has reached a different conclusion on a consideration of the facts than was reached by the trial court, without remanding the cause for a new trial. (*Mirich v. Forschner Contracting Co.,* 312 Ill. 343.)"

In the case at bar the judgment on the first trial was reversed by the Appellate Court and the cause remanded on the ground that the preponderance of the evidence was against the verdict. (*Bournique v. Drake,* 195 Ill. App. 12, Gen. No. 20,830, not reported in full.) In the opinion the court said:

"We have carefully considered the evidence, and the force of the inferences drawn by counsel on both sides from very conflicting and irreconcilable testimony, and are firmly impressed that the judgment must be reversed on the ground that the preponderance of the evidence is against the verdict as far as it implies that the plaintiff was the procuring cause of the sale."

In reference to one of the issues of fact in the case the Appellate Court said:

"As more evidence may unquestionably be had on this important phase of the case, without which there is insufficient evidence to support the judgment, the judgment must be reversed and the cause remanded."

It will be observed that the Appellate Court did not hold that the evidence was insufficient to establish a cause of action. We wish to emphasize this fact, as in our opinion it is the controlling question in determining whether the trial court erred in directing a verdict in favor of the defendant.

In the case of *Mirich v. Forschner Contracting Co., supra,* the Supreme Court held that in a case tried before a jury a reversal of the judgment by the Ap-

pellate Court with a finding of facts was equivalent to taking the case from the jury; and the court further held that in a case tried before a jury the Appellate Court could not reverse the judgment and make a finding of facts where the evidence tends to establish a cause of action; that in a case tried before a jury the Appellate Court could only reverse the judgment and make a finding of facts where the evidence does not tend to prove a cause of action; that in a case tried before a jury, if the Appellate Court reversed the judgment and made a finding of facts where the evidence tended to prove a cause of action, such procedure by the Appellate Court would be a direct violation of the constitutional right of trial by jury.

In the case of *Mirich v. Forschner Contracting Co., supra,* the Supreme Court further held, in accordance with the long-established rule, that in a case tried before a jury, the trial court could not take the case from the jury where the evidence tends to establish a cause of action; that in a case tried before a jury, the trial court could only take the case from the jury where the evidence did not tend to prove a cause of action; that in a case tried before a jury if the trial court took the case from the jury, where there was evidence tending to prove a cause of action, such procedure by the trial court would be a direct violation of the constitutional right of trial by jury.

If we have correctly interpreted the decision in the case of *Mirich v. Forschner Contracting Co., supra,* then since the evidence on the second trial of the case at bar was, according to counsel for the defendant, substantially the same as the evidence on the first trial, and was, according to counsel for the plaintiff, substantially and materially stronger for the plaintiff than on the first trial, and since the evidence on the first trial, as interpreted by the Appellate Court, was not insufficient to prove a cause of action but was "conflicting and irreconcilable," and "insufficient to

support the judgment," it follows as a necessary con-
sequence that on the second trial of the case at bar,
the trial court committed reversible error in directing
the jury to return a verdict in favor of the defendant.
The trial court should have submitted the case to the
jury. The reasons for our conclusion may be ampli-
fied and expressed in another way. When the Ap-
pellate Court reversed the judgment entered at the
first trial and remanded the cause for a new trial, the
established procedure applicable to the second trial
was not changed in any way by the decision of the
Appellate Court and lawfully could not have been
changed by the decision. The trial court on the sec-
ond trial, in respect of the procedure relating to the
taking of a case from the jury, therefore was gov-
erned by the well-settled rule that the case could not
be taken from the jury if the evidence tended to es-
tablish a cause of action; that it could only be taken
from the jury if the evidence did not tend to prove
a cause of action. The Appellate Court held that the
evidence was "conflicting and irreconcilable"; that
the preponderance of the evidence was against the
verdict; that the evidence on one of the issues of fact
was insufficient to support the judgment; but the Ap-
pellate Court did not hold that the evidence failed to
prove a cause of action. It is clear that in view of
the interpretation of the evidence by the Appellate
Court in its decision on the appeal from the judgment
entered at the first trial, the Appellate Court could
not have taken the case from the jury by making a
finding of facts. And since the trial court on the
second trial took the case from the jury on the ground
that, in the court's opinion, the evidence was substan-
tially the same as the evidence on the first trial, and
since the evidence on the first trial, as interpreted by
the Appellate Court, would not have justified the Ap-
pellate Court in taking the case from the jury by mak-
ing a finding of facts, it is obvious that the trial court

in taking the case from the jury was exercising a power greater than the power possessed by the Appellate Court. But according to the rule announced in *Mirich v. Forschner, supra,* the powers of the trial court and the Appellate Court in respect of taking a case from the jury are identical. It follows, therefore, that the action of the trial court in taking the case from the jury on the second trial was an erroneous exercise of power.

It is argued by counsel for the defendant that on the second trial the trial court was compelled to follow the decision of the Appellate Court reversing the judgment entered at the first trial and remanding the cause for a new trial; and that "the trial court had here no discretion—the evidence being the same— but was in duty bound to direct a verdict for the defendant."

It is true that the trial court on the second trial was obliged to follow the decision of the Appellate Court, but the decision of the Appellate Court did not direct the trial court either expressly or by necessary implication to direct a verdict for the defendant, if the evidence on the second trial was the same or substantially the same as the evidence on the first trial. The Appellate Court legally could not have done so in view of the grounds on which the judgment on the first trial was reversed by the Appellate Court. The decision of the Appellate Court merely remanded the cause to be tried again by the established rules of procedure. The decision of the Appellate Court did not hold that the evidence was insufficient to sustain the cause of action; and according to the established rule the insufficiency of the evidence to sustain the cause of action would have been the only ground on which the trial court could direct a verdict for the defendant. The decision of the Appellate Court held that the evidence was conflicting and irreconcilable, and the rule is well settled that where the evidence is con-

flicting and irreconcilable the trial court cannot direct a verdict taking the case from the jury.

But in this connection counsel for the defendant maintain as follows: "The argument that a directed verdict is improper because the former reversal was based on a question of the preponderance of the evidence (if that were true), is outside the question, for it was not upon the evidence that the court directed a verdict, but on the previous decision of this court. The trial judge did not weigh the evidence, nor even consider it, except to compare it with the prior record." Expressing the idea in another form, counsel for the defendant assert that on the second trial "the trial judge did not direct a verdict on the weight or preponderance of evidence, but only on the ground that this court had already dealt with the question, and he was bound by that decision." This argument of counsel for the defendant does not change in any way the ultimate question as to what "the previous decision of this court" directed the trial court to do. It may be, as counsel for the defendant contend, that, on the second trial, the trial court did not "weigh the evidence nor even consider it except to compare it with the prior record"; and that finding that the evidence was substantially the same as on the first trial, the trial court directed a verdict in favor of the defendant in accordance with what it conceived the decision of the Appellate Court was intended to mean in such circumstances. In so directing the verdict the trial court, in our opinion, misinterpreted the decision of the Appellate Court.

Counsel for the defendant further contend that although the opinion of the Appellate Court on the appeal from the judgment entered at the first trial stated that "the preponderance of evidence is against the verdict," the opinion "goes much further"; that "the court said that further evidence might be had from the trustees of the Field estate as to the bearing

of plaintiff's efforts on the final acts of the trustees, and said: 'As more evidence may unquestionably be had on this important phase of the case, *without which there is insufficient evidence to support the judgment,* the judgment must be reversed and the cause remanded.' ''

A complete answer to the argument of counsel for the defendant is that the language relied on and quoted by counsel for the defendant from the opinion of the Appellate Court, namely, that "there is insufficient evidence to support the judgment," is materially different from language to the effect that the evidence is insufficient to support the cause of action; and as we have several times stated the rule is that the trial court can only direct a verdict when the evidence is insufficient to establish a cause of action.

In discussing the case of *Mirich v. Forschner Contracting Co., supra,* counsel for the defendant contend as follows: "The Supreme Court in the *Mirich* case, so far from sustaining the present contention of appellant (even if that case were pertinent), expressly decided that the Appellate Court, if it reversed and remanded a cause, though tried before a jury, and though the evidence was conflicting *is not limited by* restrictions on the right of the trial court to direct a verdict."

As we interpret the case of *Mirich v. Forschner Contracting Co., supra,* the power of the Appellate Court to take a case from a jury is governed by the same restrictions as are applicable to the power of a trial court to take a case from a jury. In this respect the court said in *Mirich v. Forschner Contracting Co., supra* (p. 357):

"In our opinion section 120 of the Practice Act was intended only to apply to cases where a jury was waived in the trial court by agreement of the parties, or where tried by jury the trial court would have been justified in directing a verdict because the evidence did not tend to establish a cause of action but refused

to do so.  In such a case the Appellate Court may reverse the judgment with a finding of facts and not remand the case, for it has been held many times that for a trial court to direct a verdict where the evidence does not tend to prove the cause of action alleged is not a denial of the right of trial by jury.  If the trial court failed to do its duty it would seem there could be no legal objection to giving the Appellate Court the same power possessed by the trial court.''

Counsel for the defendant cite numerous authorities, which counsel maintain ''are left untouched by the *Mirich* decision,'' and which counsel contend justify the action of the trial court in directing a verdict in favor of the defendant on the second trial.  It is not necessary to review those authorities as, in our opinion, the case of *Mirich v. Forschner Contracting Co., supra,* is conclusive of the question in the case at bar.  It may be granted for the sake of argument that the authorities relied on by counsel for the defendant warrant the action of the trial court in directing a verdict for the defendant on the second trial.  But, if they do, they are, in our opinion, not ''left untouched by the *Mirich* decision'' as counsel for the defendant contend, but are contrary to that decision and cannot, therefore, be accepted as announcing the rule of law that should control the case at bar.

The view we have taken of the case renders it unnecessary for us to express any opinion on the merits of the controversy.

For the reasons stated the judgment is reversed and the cause remanded.

*Reversed and remanded.*

McSURELY, P. J., and MATCHETT, J., concur.