## THE CITY OF CENTRALIA
### *v.*
### EDWARD NAGELE.

181    151
183    644

*Opinion filed October 13, 1899.*

1. APPEALS AND ERRORS—*the Supreme Court is bound by Appellate Court's recitals of fact.* Whether one prosecuted for violating a city ordinance against peddling is "an itinerant merchant" or "a transient vendor of merchandise," within the meaning of the ordinance, is a question of fact or a mixed question of law and fact, upon which the finding of the Appellate Court, by recital in its judgment, is conclusive.

2. ORDINANCES—*ordinance requiring license for peddling construed.* An ordinance imposing a license tax upon "whoever shall temporarily establish or open up a place of business for the purpose of selling, bartering or exchanging any goods, wares or merchandise, or other article of value, being an itinerant merchant or transient vendor of merchandise," is applicable only to itinerant merchants or transient vendors, and not to every one who temporarily conducts such a place of business.

3. MUNICIPAL CORPORATIONS—*city not liable for costs in an action to enforce city ordinance.* In an action to enforce a city ordinance it is error for the Appellate Court to adjudge costs against the city and award execution on reversing the judgment of conviction.

*Nagele v. City of Centralia,* 81 Ill. App. 334, reversed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of Marion county; the Hon. TRUMAN E. AMES, Judge, presiding.

JOHN J. BUNDY, (FRANK F. NOLEMAN, and W. F. BUNDY, of counsel,) for appellant.

VANHOOREBEKE & LOUDEN, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This is an appeal from the judgment of the Appellate Court for the Fourth District, reversing and not remanding the judgment of the circuit court of Marion county finding the appellee to be guilty of a violation of sections

2 and 3 of chapter 21 of the ordinances of the appellant city and adjudging a fine in the sum of $15 against him. The Appellate Court granted a certificate of importance.

Said sections 2 and 3 of the said ordinances are as follows:

"Sec. 2. That all itinerant merchants and transient vendors of merchandise, who shall sell or offer for sale, barter or exchange, any goods, wares or merchandise, or other article of value, from house to house in this city, or upon the public streets, avenues or other public grounds of this city, shall pay for a license so to do not less than $2 nor more than $10 for each day they shall pursue said calling within this city.

"Sec. 3. Whoever shall temporarily establish or open up a place of business in this city for the purpose of selling, bartering or exchanging any goods, wares or merchandise, or other article of value, being an itinerant merchant or transient vendor of merchandise, shall pay for a license so to do not less than $2 nor more than $20 per day for each day he shall conduct or maintain said business, and whosoever shall violate the provisions of this section shall be subject to a fine of not less than $10 nor more than $200 for each day he shall conduct such business without having obtained such license."

The Appellate Court incorporated in its judgment, as a finding of fact, that the appellee, "under the evidence, was not an itinerant merchant nor a transient vendor of merchandise." The propositions of law tendered to the circuit court did not ask definitions of "an itinerant merchant" or "a transient vendor of merchandise." Whether appellee acted in either of those capacities was a question of fact or a mixed question of law and fact. The judgment of the Appellate Court is conclusive and final on either of such questions. (*Capen* v. *DeSteiger Glass Co.* 105 Ill. 185; *Meyer* v. *Butterbrodt*, 146 id. 131; *Trustees* v. *Bruner*, 175 id. 307; *Banfill* v. *Twyman*, 172 id. 123.) The penalties of each of the sections of the ordinance are

leveled only against an itinerant merchant or a transient vendor of merchandise. As to this, section 2 is so clear that its meaning is not challenged. Section 3 does not purport to apply to every one who should temporarily establish or open up a place of business for the purpose of selling, bartering or exchanging goods, wares or merchandise in the city, but only to itinerant merchants or transient vendors of merchandise. The true meaning of the section is the same as if its phrases were so transposed as to read, "Whoever, being an itinerant merchant or transient vendor of merchandise, shall temporarily establish," etc. Accepting, as we must, the finding of the Appellate Court that appellee was not either an itinerant merchant or a transient vendor of merchandise as conclusive of those questions, it is manifest the validity or invalidity of the ordinance, to which the briefs of counsel are largely addressed, is not involved in the determination of the question of the correctness of the judgment of the Appellate Court. It being established by the proofs the appellee had not violated either section of the ordinance, the judgment of the Appellate Court that the judgment of the circuit court should be reversed logically and legally followed.

The judgment of the Appellate Court, by inadvertence, no doubt, adjudged costs in favor of the appellee against the appellant city and awarded execution therefor. The city is not liable for costs accruing in the case. *City of Carrollton* v. *Bazzette*, 159 Ill. 284.

The judgment of the Appellate Court awarding costs against the appellant city and directing the issuance of execution and fee bill therefor is reversed, otherwise the judgment appealed from is affirmed.

*Judgment reversed in part.*