MICHAEL SCHALLER, Admr.

*v.*

THE INDEPENDENT BREWING ASSOCIATION.

*Opinion filed February 21, 1907.*

1. APPEALS AND ERRORS—*question whether the Appellate Court's finding of facts is right or wrong does not arise in Supreme Court.* Whether the Appellate Court's finding of facts is right or wrong, as tested by the weight of the evidence, is not a question which is open for review in the Supreme Court.

2. SAME—*when law is correctly applied to the facts as found.* A judgment of the Appellate Court reversing a judgment in favor of the plaintiff in a personal injury case is proper, where, as found by the Appellate Court and recited in its judgment, the plaintiff failed to prove that the defendant was guilty of any negligence which caused or contributed to the injury.

3. NEGLIGENCE—*proof of explosion is not conclusive evidence of negligence.* Proof of an explosion in a beer tank belonging to the defendant, which the plaintiff's intestate was engaged in varnishing upon the inside, claimed to be caused by the breaking of the globe of an electric light and the consequent ignition of gases from the

materials with which the deceased was working, is, at most, only *prima facie* evidence of negligence, and is rebuttable.

4. SAME—*when the doctrine of res ipsa loquitur does not apply.* The doctrine of *res ipsa loquitur* does not apply where the thing causing the accident was not under the control of the defendant or its servants, as where the defendant furnished an electric lamp, appliances and current to men varnishing the inside of a beer tank, but the lamp was under their control and no one else was present at the time of the accident, claimed to have resulted from an explosion of gases caused by the breaking of the lamp globe.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

J. HENRY KRAFT, for appellant.

LOESCH, SCOFIELD & LOESCH, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant's intestate was, in December, 1897, engaged in varnishing the inside of beer storage tanks for appellee. These tanks were cylindrical in form, twenty-three feet high and seventeen feet in diameter. In the top of each of them was a hole three and one-half inches in diameter, and in the side, near the bottom, a hole through which a man could pass to the inside of the tank. Appellant's intestate was employed by one Winkofsky, who had the contract to varnish the tanks. To enable the workmen to spread the varnish it was necessary to have a light in the interior of the tanks. An electric lamp attached to an extension cord was furnished by appellee for that purpose. To get the lamp into the tank it was passed through the hole at the top of the tank. Vapor and gases of an explosive and inflammable nature were given off from the materials used in varnishing the inside of the tanks, and to protect the lamp used from breaking and thus · igniting the gases, a wire guard was furnished the workmen, which fitted over the glass bulb of the lamp so as to prevent

it being broken. This wire guard was too large to pass through the hole in the top of the tank and could not be placed over the lamp until the lamp had been passed through the opening in the top of the tank. Winkofsky and one other person were working with plaintiff's intestate at the time the explosion occurred, and all three were so injured that they died within a short time. The declaration charged appellee with negligently failing to furnish and provide a reasonably safe light in the tank, and that the explosion and consequent injury resulted therefrom. In the trial court there was a verdict for plaintiff, upon which the court rendered judgment, and defendant appealed to the Appellate Court. That court reversed the judgment of the trial court and incorporated in its judgment the following finding of facts: "The court finds as a fact that it does not appear from the evidence that the defendant, the Independent Brewing Association, was guilty of any negligence which caused or contributed to the death of the plaintiff's intestate, Leonhardt Schaller." From that judgment plaintiff below has prosecuted this appeal.

The appellant's position is, that the explosion itself was *prima facie* evidence of negligence of appellee. To quote from the brief of counsel: "It was not necessary to show that the Independent Brewing Association was negligent, but that it devolved upon the Independent Brewing Association to show that it was not negligent, which it absolutely failed to do." It is conceded by counsel that the facts are not open to review by this court, but it is said, "the Appellate Court's application of law to the facts found is erroneous."

Section 87 of chapter 110 (Hurd's Stat. 1905, p. 1543,) makes it the duty of the Appellate Court, where its final determination of a cause results from finding the facts different from the finding by the trial court, to recite in its final judgment the facts found, and such judgment is final and conclusive as to all facts in controversy in the case. This statute has been held to be a valid enactment, (*Earnshaw* v. *West-*

*ern Stone Co.* 200 Ill. 220,) and we have repeatedly sustained and applied it. (*Toolen* v. *Chicago Towel Supply Co.* 222 Ill. 517; *Supple* v. *Agnew,* 202 id. 351; *Davis* v. *Chicago Edison Co.* 195 id. 31; *Hancock* v. *Singer Manf. Co.* 174 id. 503; *Hawk* v. *Chicago, Burlington and Northern Railroad Co.* 147 id. 399.)   In such cases we have always held that the question whether the finding of facts by the Appellate Court was right or wrong could not be raised in this court.   The only question for review here is whether the Appellate Court properly applied the law to the facts as found by it.   If, as found by the Appellate Court, the appellant failed to prove that appellee was guilty of any negligence which caused or contributed to the death of appellant's intestate, then it cannot be said that the court misapplied the law to the facts, for under such a state of facts no other judgment could be properly rendered.

No question is raised here upon any ruling of the court in admitting or rejecting testimony or in giving or refusing instructions.

It does not appear from the judgment and record of the Appellate Court that said court held proof of the explosion was not *prima facie* evidence of negligence, as contended by appellant.   Such proof, in any event, is not conclusive, but is only *prima facie* evidence of negligence and may be rebutted by other testimony. (*Illinois Central Railroad Co.* v. *Phillips,* 49 Ill. 234.)   If we may look to the opinion of the Appellate Court for its view of the law on the subject it will be found the court expressed a doubt as to whether proof of the explosion was *prima facie* evidence of negligence, but the conclusion and judgment of the court were not based upon that question, as appears from the following quotation from the opinion: "But a fatal objection to the application of the doctrine contended for,—the doctrine of *res ipsa loquitur,*—in this case is, that it is not applied unless the thing causing the accident is under the control of the defendant or his servants, and the electric lamp and its appliances in

this case were not under the control of the defendant or its servants. (Thompson on Negligence, sec. 7635.) Here defendant only furnished the lamp, its appliances and the current. Winkofsky and his servants had the control of the lamp, and they, only, were in the tank when the explosion occurred." Appellant contends that these views of the court are not supported by the evidence, but this is not a question we can consider.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*