JOHN C. PATTERSON, Appellant, *vs.* EDWIN A. WARFIELD, Exr., Appellee.

*Opinion filed February 20, 1908—Rehearing denied April 8, 1908.*

1. CONSTITUTIONAL LAW—*section 119 of new Practice act is invalid in cases requiring evidence to be weighed.* Section 119 of the Practice act of 1907, authorizing a party to appeal from a judgment of the Appellate Court, reversing and remanding, where the party so appealing stipulates that final judgment may be entered against him in the Supreme Court if his appeal is not prosecuted with effect, is unconstitutional as to cases where the entry of any judgment other than an affirmance will require the Supreme Court to consider and weigh the evidence as to questions of fact upon which the parties are entitled to a verdict of a jury.

2. PRACTICE—*effect where appeal from Appellate Court to Supreme Court is dismissed.* Where an appeal to the Supreme Court from a judgment of the Appellate Court, reversing and remanding, is dismissed as being unauthorized, the judgment of the Appellate Court remains in full force, and that court will issue its mandate the same as though no appeal had been taken.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

Appellant obtained judgment by default in an attachment proceeding against George T. Cline, since deceased, March 24, 1898, for $3340. He then sued out execution on said judgment and on May 31, 1898, was paid by the sheriff the sum of $3392.38 from the proceeds of the sale, by the sheriff, of lands located in Cook county, owned by Cline. Cline afterwards sued out a writ of error and the case was taken through the Appellate Court to this court, where the judgments of both courts were reversed and the cause remanded to the circuit court for further proceedings. (*Cline* v. *Patterson,* 191 Ill. 246.) After the case was remanded Cline traversed the affidavit in attachment, pleaded

the general issue, and on January 20, 1903, filed special pleas claiming a set-off by reason of the amount paid to appellant under the execution. Thereafter the death of Cline was suggested and Edwin A. Warfield, his executor, substituted. There were various amendments of the pleadings, one of which increased the *ad damnum* from $4000 to $10,-000. The suit was for legal services rendered by appellant to Cline in his lifetime, chiefly in the trial of two cases in court and in connection with settling the title to certain land. The bill of particulars recited the services for which the compensation was claimed and testimony was offered on both sides as to their value. At the conclusion of the evidence the court instructed the jury, among other things, that "the defendant is entitled to set off in this proceeding against the claim of plaintiff the sum of $3340, being the sum received by plaintiff on the sale of land under the attachment," etc. The following verdict was returned by the jury: "We, the jury, find the issues for the plaintiff and assess the plaintiff's damages at the sum of $1660, due on the 9th day of February, 1898," the verdict having been sealed and returned into court the morning after the conclusion of the trial. No objection appears to have been made, at the time it was returned, to its form. The day after the jury had been discharged from further consideration of the cause a question was raised before the court as to the meaning of the verdict, and appellant moved that the words, "due on the 9th of February, 1898," be stricken out. Appellee objected, claiming that the verdict showed, on its face, the jury found that in striking the balance between appellant and Cline at the date of commencement of suit appellant was only entitled to a credit of $1660 for legal services and that Cline was entitled to a credit of $3340 for money collected on the attachment, which would leave a balance in Cline's favor of $1680. Two days after the verdict had been returned by the jury they were re-assembled, seven of them having been sworn and being then engaged

in hearing another case, and an additional instruction was given them by the court to the effect that if they intended by their verdict to find that $1660 was due the appellant on February 9, 1898, after allowing Cline credit for $3340 which they were instructed to allow as credit, they should amend their verdict by striking out the words, "due on the 9th day of February, 1898." This the jury did and returned a verdict for appellant for $1660. To this appellee's counsel objected and excepted. On appeal to the Appellate Court that court held it was error for the circuit court to recall the jury after their sealed verdict had been returned and they had separated and instruct them to amend the same, and the judgment was reversed and the cause remanded.

JOHN C. PATTERSON, *pro se.*

MASON & WYMAN, (LOESCH, SCOFIELD & LOESCH, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

Appellant prayed for and obtained an appeal to this court under section 119 of the new Practice act, (Laws of 1907, p. 468,) by signing a stipulation that final judgment might be entered against him in this court if his appeal was not prosecuted with effect. This provision of that section is new to our practice, and reads as follows: "And appeals shall also be allowed from the judgment of the Appellate Court to the Supreme Court, in all cases where such judgment of the Appellate Court is that the judgment of the trial court be reversed and the case remanded for a new trial, if the party so appealing will stipulate in writing, at the time of praying the appeal, that final judgment in the case may be entered in the Supreme Court against him, if such appeal is not prosecuted with effect."

Appellee contends, if this court should decide that final judgment should be entered against appellant in accordance

with the stipulation, that on the facts in this case appellee would thereby be deprived of his constitutional right of trial by jury, without his consent. Both parties did not stipulate in this case that the judgment might be final in this court and the section does not so require. The purpose of this provision of said section 119 is manifest. It was intended to bring litigation to a speedier conclusion than would be possible under the old Practice act when the case was reversed by the Appellate Court and sent back for a new trial. In this case, if this court should agree with the finding of the Appellate Court, considering no other question than the one considered by that court, it would simply send the case back for a new trial, and instead of shortening the litigation would lengthen it. That, evidently, was not the intention of this provision of the statute. If this court entered judgment against appellant on any other basis it would have to pass on the merits of the controversy.

Appellee contends in his brief here that Cline did not owe appellant anything, and there is evidence in the record fairly tending to show that if there was anything which appellant should be credited with for the services for which he was seeking to recover, it might be considerably less in amount than the money he had already collected on the execution, namely, $3340, and that the jury, on the evidence, might have found a verdict against appellant. It seems to be admitted on this record that appellant had in his possession $3340 which Cline should be credited with in striking a balance between him and appellant. The evidence offered by appellee as to the amount which appellant should be credited with for services ranged all the way from $2200 to $4200, while the evidence offered by appellant tended to show that he was entitled to an amount running from $5000 to $15,000 or more, less the set-off of $3340 so collected in the attachment proceeding and set up in the plea of appellee. If this court were to enter final judgment in this case, it might be justified, on this record, in entering judgment

against appellant in any amount up to and exceeding $1000 or in his favor for any amount up to $10,000. A question of fact such as this must be tried by a jury, and it is only for the court to say whether the evidence offered is pertinent to the issue. It has been held that it is entirely proper for the trial court, as well as for a reviewing court, to decide whether there is sufficient evidence before the jury to present an issue of fact under the pleadings, and to direct a verdict if there is not, (*Commercial Ins. Co.* v. *Scammon,* 123 Ill. 601,) but it is not within the province of the trial court to weigh the evidence and ascertain where the preponderance lies. The function of the trial court is limited strictly to determining whether there is or is not evidence legally tending to prove the fact affirmed. We have held in discussing a similar question, that an appellate tribunal may exercise, on appeal, the same powers in this respect and no more. (*Commercial Ins. Co.* v. *Scammon, supra.*) If any judgment of any kind were entered against appellant, other than merely affirming the judgment of the Appellate Court, it would necessarily result in this court, on this record, weighing and considering the evidence.

In *City of Spring Valley* v. *Coal Co.* 173 Ill. 497, we discussed a very similar question in construing a section of the old Practice act holding that the right of trial by jury referred to in section 5 of article 2 of the constitution of 1870, and which is invoked here by appellee, means the right as it had been enjoyed before the adoption of that instrument, and stated (p. 506): "A court of review in this State, at the time the constitution was adopted, had never assumed the power to assess damages or render judgments for the recovery of property or damages, except upon the verdict of a jury, unless the right to a jury had been waived. It has exercised the right to direct proper judgment to be entered where the court has failed to enter such a judgment, but not to assess damages which the party has a right to contest before a jury. * * * While the right of trial by

jury as enjoyed before the adoption of the constitution did not include a right in a plaintiff to submit a claim, clearly without merit, to successive juries where a court of review could see that no judgment could be permitted to stand, it did require that no judgment for damages should be entered except upon the verdict of a jury, unless the right was waived." We deem this reasoning conclusive on the facts in this case. The question whether the proof under the plea of set-off showed that appellee had a claim of set-off or a counter-claim, or the amount so collected by the appellant should be applied as a partial payment, as contended for by appellant, cannot change the result.

This court has no more power to infringe upon the right of trial by jury than has a trial court. If a trial court should have taken the case from the jury, a court of review, on appeal, might be authorized to exercise the same power, but no greater. To enter judgment on this record against the appellant under this provision of the· new Practice act, it would not only be necessary to review the entire evidence in the record, but to weigh and consider it so as to be able to enter a judgment independent of, and, if necessary, contrary to, the finding of the jury.

We do not decide in this case that said provision of said section 119 above quoted is unconstitutional as to all cases that may come within its terms, but we do hold that where, as in this case, in order to enter a final judgment against appellant the court must consider evidence on controverted questions of fact and enter final judgment in accordance with such consideration, such provision is unconstitutional. The following decisions, among others, tend to support this conclusion: *Frazer* v. *Howe,* 106 Ill. 563; *Jones* v. *Fortune,* 128 id. 518; *Manistee Lumber Co.* v. *Union Nat. Bank,* 143 id. 490; *Siddall* v. *Jansen,* 143 id. 537; *Frost* v. *People,* 193 id. 635; *Kerfoot* v. *Cromwell Mound Co.* 115 id. 502; *Commercial Union Assurance Co.* v. *Scammon,* 126 id. 355.

Our determination of the constitutional question necessarily leads to the appeal being dismissed. The provision under which the appeal was granted by the Appellate Court being unconstitutional, so far as it applies to this case, the appeal to this court did not lie and should not have been granted. The dismissal of the appeal will leave the judgment of the Appellate Court reversing the judgment and remanding the cause for a new trial in full force, and that court will proceed to issue its mandate as if no appeal to this court had been taken.          *Appeal dismissed.*