LABAN HAYWARD, Admr., Appellant, *vs.* S. S. SENCEN-BAUGH, Appellee.

*Opinion filed October 26, 1908.*

1. APPEALS AND ERRORS—*a statute granting appeal must confer same rights and impose same burdens on both parties.* A statute granting an appeal to the Supreme Court must confer upon each party to the litigation the same rights and subject each to the same burdens, otherwise the statute is special legislation and invalid.

2. CONSTITUTIONAL LAW—*last clause of section 119 of Practice act of 1907 is invalid.* The last clause of section 119 of the Practice act of 1907, (Laws of 1907, p. 468,) permitting an appeal to the Supreme Court from a judgment of the Appellate Court reversing and remanding if the party appealing shall stipulate that final judgment may be entered against him in the Supreme Court if such appeal is not prosecuted with effect, is unconstitutional.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. L. C. RUTH, Judge, presiding.

JOHN M. RAYMOND, and JOHN K. NEWHALL, for appellant.

S. N. HOOVER, and JOHN A. RUSSELL, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action of assumpsit commenced in the circuit court of Kane county by Laban Hayward, as administrator of the estate of William B. Russell, deceased, against S. S. Sencenbaugh, to enforce against Sencenbaugh his stock liability as a stockholder in the Aurora Mining Company, a corporation organized under the laws of the State of Kansas, in payment of certain of the bonds of said corporation held by Hayward as the administrator of Russell. A jury was waived, and upon a trial the court rendered judgment in favor of Hayward, as administrator, against Sencenbaugh, for $1610.30, which judgment, upon the appeal of Sencenbaugh to the Appellate Court for the Second District, was reversed and the cause remanded, whereupon Hayward, as the administrator of said Russell, prayed an appeal to this court, and filed a stipulation in the Appellate Court that final judgment might be entered against him in this court if his appeal was not prosecuted with effect, and an appeal was thereupon allowed and perfected by him by filing bond and a transcript of the record in this court. A motion has been made in this court to dismiss the appeal on the ground that the clause of section 119 of the Practice act of 1907, (Laws of 1907, p. 467,) under which the appeal was taken, which reads as follows: "And appeals shall also be allowed from the judgment of the Appellate Court to the Supreme Court, in all cases where such judgment of the Appellate Court is that the judgment of the trial court be reversed and the case remanded for a new trial, if the party so appealing will stipulate in writing, at the time of praying the appeal, that final judgment in the case may be entered in the Supreme Court against him if such appeal is not prosecuted with effect," is unconstitutional and void.

The law in this State prior to the passage of the Practice act of 1907 was, that an appeal from a judgment of the Appellate Court reversing a judgment and remanding

the cause for a new trial would not lie to this court, as such order of the Appellate Court was not a final judgment, and an appeal to this court would only lie from a final judgment of the Appellate Court. (*Buck* v. *County of Hamilton,* 99 Ill. 507; *Callahan & Son* v. *Ball,* 197 id. 318; *Partridge* v. *Stevens,* 187 id. 383.) The effect of the clause of the section of the Practice act above quoted, if valid, is to permit the defeated party in the Appellate Court, by stipulating that final judgment may be rendered against him by this court where the judgment is reversed and the cause remanded for a new trial, to appeal to this court from a judgment of the Appellate Court which is not final, on the condition that if he is defeated in this court the case shall end in this court and judgment shall there be entered against him, while if the holding of this court is in his favor it is powerless to render final judgment in this court against his adversary, and this court would under those circumstances be required to reverse the judgment of the Appellate Court and remand the cause to the trial court or to affirm the judgment of the trial court, the effect of which is that this court is given power to render final judgment in that state of case against one party but not against the other. It would therefore seem clear that the parties litigant in this court would not stand upon an equal footing,—that is, that this court would have power to render final judgment against one party, while under the same circumstances it would be powerless to render final judgment against the other party. Each party to litigation must have conferred upon him by a statute granting an appeal to this court the same rights and be subject to the same burdens, otherwise the statute which confers the right or imposes the burdens is special legislation and obnoxious to the constitution. *Jones* v. *Chicago, Rock Island and Pacific Railway Co.* 231 Ill. 302; *Hecker* v. *Illinois Central Railroad Co.* 231 id. 574; *Green* v. *Red Cross Medical Service Co.* 232 id. 616; *Zolnowski* v. *Illinois Steel Co.* 233 id. 299.

Furthermore, it is shown by this record that both Russell and Sencenbaugh were stockholders and bondholders in the Aurora Mining Company, and that the trial court only rendered judgment against Sencenbaugh for the amount due upon his stock liability after allowing him a set-off from such liability of the amount of bonds he held against said corporation, and only allowed Hayward, as administrator, the amount due upon the bonds held by him after deducting from the amount of the bonds the amount of the stock liability of Russell. If, therefore, this court should attempt to dispose of the case in this court under the stipulation filed in the Appellate Court, it would necessarily have to consider and deal with the facts, which would, under the doctrine announced in *Patterson* v. *Warfield,* 233 Ill. 147, be an infringement upon the right of the trial by jury, which infringement is not authorized by the constitution; and the fact that the parties agreed in the trial court to waive a jury would not authorize one party, by stipulation, to confer upon this court the power to pass upon the facts and thereby bind the other party, who had not agreed to such stipulation, in a case which the Appellate Court had reversed and remanded for a new trial. If the statute provided the stipulation should be signed by both parties a different question would be presented for the consideration of the court. *Wells & French Co.* v. *Kapaczynski,* 218 Ill. 149.

We therefore conclude that said clause of section 119 of the Practice act is unconstitutional and that this court is without jurisdiction to entertain this appeal.

*Appeal dismissed.*