(No. 19147
THE CITY OF CHICAGO, Plaintiff in Error, *vs.* O. L. HAG-
LEY, Defendant in Error.

*Opinion filed February 21, 1930.*

SAMUEL A. ETTELSON, Corporation Counsel, and M. J.
MALONEY, (CORA B. HIRTZEL, of counsel,) for plaintiff
in error.

FYFFE & CLARKE, for defendant in error.

Mr. COMMISSIONER PARTLOW reported this opinion:

Plaintiff in error, the city of Chicago, filed its complaint
in the municipal court of Chicago charging defendant in
error, Olive L. Hagley, with operating an ice cream parlor
without a license, as required by the ordinances of the city.
A jury was waived, there was a trial by the court, defend-

ant in error was found guilty and a fine of $25 was assessed. Defendant in error appealed to this court, the trial court having certified that the validity of an ordinance was involved. The case was transferred to the Appellate Court for the First District, where the judgment was reversed, and the case comes to this court upon a writ of *certiorari*.

No question is raised as to the validity of the ordinance or the authority of plaintiff in error to pass it. The only question in the case, and the only question decided by the Appellate Court, was the question of fact as to whether or not defendant in error was conducting an ice cream parlor without a license, in violation of the ordinance. Whether she was or was not conducting an ice cream parlor was a question of fact, depending upon the evidence in the case. The trial court held that she was conducting an ice cream parlor without a license, in violation of the ordinance. The Appellate Court held that she was not conducting an ice cream parlor, therefore she was not violating the ordinance.

Section 122 of the Practice act provides that "the Supreme Court shall re-examine cases brought to it by appeal or writ of *certiorari* as provided in this act, from the Appellate Courts, as to questions of law only; and in the cases aforesaid, no assignment of error shall be allowed calling in question the determination of the inferior or Appellate Courts upon controverted questions of fact therein."

This court is bound by a finding of fact by the Appellate Court, upon a consideration of the legitimate evidence in the record, which is not the result of an erroneous exclusion or disregard of competent evidence, and this court is without jurisdiction to review the evidence for the purpose of determining whether the finding is correct. (*Armstrong Paint Works* v. *Continental Can Co.* 308 Ill. 242.) The finding of the Appellate Court on a question of ultimate fact derived from a consideration of the evidentiary facts which requires the application of principles of law to the

consideration of the evidence, is a finding upon a mixed question of law and fact and is final. *Hadley* v. *Union Trust Bank*, 308 Ill. 175.

There is no question of law to be reviewed by this court, and the judgment of the Appellate Court is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*