(No. 27207.—)
FORREST G. SHAW, Appellant, *vs.* THOMAS J. COURTNEY *et al.*—(EUGENE O'CONNOR *et al.*, Appellees.)

*Opinion filed January 20, 1944—Rehearing denied March 20, 1944.*

CHARLES LIEBMAN, and EDGAR BERNHARD, (NATHAN WOLFBERG, and MORRIS H. SACHS, of counsel,) all of Chicago, for appellant.

THOMAS J. COURTNEY, MARSHALL V. KEARNEY, JACOB SHAMBERG, and JOHN S. BOYLE, (JOSEPH BURKE, of counsel,) all of Chicago, for appellees.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Forrest G. Shaw instituted this suit in the superior court of Cook county against Thomas J. Courtney, Jerome Crowley, William Lynch, Jr., Eugene O'Connor, Steve Leddy, Joseph Sponder and Daniel Kenneally to recover damages for personal injuries. The complaint contained two counts, the first of which charged defendants with an illegal assault and battery, and the second an unlawful imprisonment. A directed verdict in favor of Courtney and the allowance of plaintiff's motion to dismiss as to Crowley and Lynch removed them as defendants before verdicts. The action against the four remaining defendants was submitted to a jury and resulted in verdicts finding each of the four defendants guilty. The jury, in accordance with instructions and forms of verdict submitted, apportioned the damages among the four defendants, as follows: $5000 against O'Connor, $2000 against Leddy, $1500 against Sponder and a like amount against Ken-

neally. Special interrogatories were submitted to the jury as to each defendant, requesting a finding as to whether the conduct of the respective defendants was willful, wanton and such as to show a malicious intent. Each of the four interrogatories was answered in the affirmative. The defendants' joint and several motion for a new trial was overruled and judgment entered against the respective defendants for the amounts stated in the several verdicts. The findings of the jury on the special interrogatory were incorporated in the judgment with the allegation that malice was the gist of the action.

The four defendants took a joint and several appeal to the Appellate Court. O'Connor died while the appeal was pending in the Appellate Court and the personal representative of his estate was substituted. For error in law and fact, the Appellate Court reversed all the judgments and remanded the cause for a new trial. Plaintiff filed an affidavit in the Appellate Court under subparagraph (2)(c) of section 75 of the Civil Practice Act, (Ill. Rev. Stat. 1943, chap. 110, par. 199,) in which he averred that he would be unable to adduce evidence, facts or circumstances on a second trial different from that presented on the first and that he expressly waived a new trial. The court thereupon struck the remanding clause and permitted that part of the judgment order reversing the judgments to stand as a final, appealable judgment. This court granted leave to appeal.

Thomas J. Courtney, named as one of the original defendants, was the State's Attorney of Cook county and the other defendants were serving in some capacity under him as assistant State's Attorneys or investigators. At the time of the occurrence complained of, plaintiff was a security salesman and prior thereto had had certain business transactions with one Mayne McKenny. She made complaint to the State's Attorney's office, that he had not properly accounted for all the securities she had entrusted to

him. One of the assistant State's Attorneys referred the complaint to defendant O'Connor, who was then engaged as chief clerk of the downtown office of the State's Attorney. A part of his duties was to assist in investigations made by the State's Attorney's office in connection with the enforcement of the Blue Sky Law.

The complaint of Mayne McKenny was made May 15, 1937, and on that date defendants Leddy and Kenneally or Sponder went to plaintiff's home and through misrepresentation as to the purpose of their call, induced him to go with them to the police station to interview a person whom they said claimed to have some kind of an action against plaintiff by reason of an automobile collision. Plaintiff remained in custody of the present defendants, or some one of them, from May 15, 1937, until the twenty-first day of the same month. His evidence indicates that he was held against his will, while the evidence of the defendants is that plaintiff's stay was voluntary. There is a serious conflict in the evidence as to the manner in which plaintiff was treated between the dates of May 15 and May 21. Defendants admit that, at first, they refused plaintiff the right to communicate with an attorney. Plaintiff's testimony tends to show that part of the defendants, particularly O'Connor, struck him with force many times during the six days he was in custody. Defendants deny that any such attacks were made.

The action of the plaintiff in causing the remanding part of the order to be stricken, limits the scope of this review so that it will not be necessary to give a more detailed account of the evidence. The Appellate Court concluded there was error in the giving of two instructions and that another instruction was subject to criticism. It also considered the propriety of separate verdicts where there are two or more defendants in an action against joint tort feasors and held that under the Civil Practice Act such procedure was authorized. The opinion of the court

contained the following finding: "that the evidence tending to show that plaintiff was assaulted and ill-treated, while in the custody of defendants, was overcome by the denial of the defendants and other reputable disinterested witnesses, and the verdicts which seem to sustain plaintiff's version in this respect are against the manifest weight of the evidence." It concluded: "For the errors heretofore pointed out the judgment will be reversed and the cause remanded for another trial."

Subparagraph (3)b of section 92 of the Civil Practice Act (Ill. Rev. Stat. 1943, chap. 110, par. 216,) provides that the reviewing court may, in any civil case, review error of fact, in that the judgment, decree or order appealed from is not sustained by the evidence or is against the weight of the evidence. Under this provision the Appellate Court was authorized to consider the evidence insofar as it was necessary to determine whether or not the verdicts were against the manifest weight of the evidence. (*Corcoran* v. *City of Chicago,* 373 Ill. 567.) The proviso to subparagraph (3)b is that in all cases brought from the Appellate Court to the Supreme Court, the jurisdiction of the Supreme Court is restricted to questions of law, except those cases where equitable issues are involved.

One of the instructions which the Appellate Court considered and held to be error told the jury that it was the duty of an officer who makes an arrest without a warrant to bring the person arrested before a court within a reasonable time in order that the court may inquire into the cause of the arrest and fix bail if it should be demanded. It concluded: "You are further instructed that when an officer makes an arrest which is lawful, his failure to bring the person arrested before a magistrate within a reasonable time makes the original arrest unlawful and the detention is a false imprisonment." Conceding that the Appellate Court, in arriving at its conclusion that the verdicts were not supported by the evidence, made application of the

law involved in said instruction, then the questions which the Appellate Court was considering were mixed questions of law and fact. Whether the recitation in the opinion as to the verdict not being sustained by the evidence is considered as deciding purely a question of fact or the determination of mixed questions of law and fact, the result is the same and both are binding upon this court. Section 122 of the Practice Act of 1907 (Ill. Rev. Stat. 1931, chap. 110, par. 121,) provided that: "the Supreme Court shall re-examine cases brought to it by appeal or writ of *certiorari* as provided in this act, from the Appellate Courts, as to questions of law only; and in the cases aforesaid, no assignment of error shall be allowed calling in question the determination of the inferior or Appellate Courts upon controverted questions of fact therein." Under this provision it was held that the Appellate Court's findings of fact or a determination of mixed questions of law and fact were binding or final. In *City of Chicago* v. *Hagley,* 338 Ill. 479, it was said: "The finding of the Appellate Court on a question of ultimate fact derived from a consideration of the evidentiary facts which requires the application of principles of law to the consideration of the evidence, is a finding upon a mixed question of law and fact and is final." Also see *Hadley* v. *Union Trust and Savings Bank,* 308 Ill. 175; *City of Centralia* v. *Nagele,* 181 Ill. 151. We see no reason why subparagraph (3)b of section 92 of the Civil Practice Act should not be given the same force and effect.

Conceding that the Appellate Court erred on questions of law, we could not reverse the Appellate Court's order of reversal and affirm the judgments of the trial court for the reason that the Appellate Court has included in its findings that the verdicts are not sustained by the evidence. Plaintiff's action in obtaining an order striking the remanding clause does not change the character of the

Appellate Court's ruling from questions of fact or questions of mixed law and fact to one of law that may be considered on this appeal. The only effect of the striking of the remanding order was that it made the judgment of the Appellate Court final.

This opinion should not be considered as giving sanction to, or disapproval of, any of the questions of law considered by the Appellate Court, for such matters have been commented upon only for the purpose of demonstrating that the record in this case does not contain any questions that may be considered on this appeal. Therefore the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*