(No. 30972.—

MARY MABEE *et al.*, Appellants, *vs.* SUTLIFF & CASE Co., INC., Appellee.

*Opinion filed September 22, 1949.*

DAILY, J., took no part.

KNOBLOCK, McCONNELL & KENNEDY, of Peoria, for appellants.

MILLER, WESTERVELT, JOHNSON & THOMASON, of Peoria, (JOHN D. THOMASON, and DAVID A. NICOLL, of counsel,) for appellee.

Mr. JUSTICE SIMPSON delivered the opinion of the court:

Mary Mabee and Clarence M. Mabee, her husband, instituted a suit in the circuit court of Peoria County against Sutliff & Case Co., Inc., to recover damages, respectively, for personal injuries received by Mrs. Mabee, and for property damage to the floor and furnishings of their home. The complaint contained two counts, the first of which charged the defendant with negligence in delivering to plaintiffs sulphuric acid in a defective receptacle which broke and caused acid to pour over the body of Mrs. Mabee, thereby causing her to be seriously injured. The second count was substantially the same as count one except it alleged damages to the floor and furnishings of both plaintiffs. The defendant filed an answer denying each and every allegation of both counts. A jury returned a verdict finding the defendant guilty and assessed the damages in favor of Mary Mabee at $5000, and assessed the property damage at $325. Motions for judgment notwithstanding the verdict and for a new trial were denied and judgments entered on the verdict. On appeal the Appellate Court reversed and remanded the cause for a new trial.

Plaintiffs filed an affidavit in the Appellate Court under subparagraph (2)(c) of section 75 of the Civil Practice Act, (Ill. Rev. Stat. 1947, chap. 110, par. 199,) in which they averred that they would be unable to adduce evidence, facts, or circumstances on a second trial different from that presented on the first and expressly waived a new trial. The Appellate Court thereupon struck the remanding clause and permitted that part of the judgment order reversing the judgment of the trial court to stand as a

final appealable judgment. This court granted leave to appeal.

The evidence discloses that Mr. Mabee, with the knowledge of Mrs. Mabee, had ordered two gallons of sulphuric acid from Sutliff & Case Co., Inc. The acid was placed in two one-gallon glass jugs, and transported by truck to the Mabee residence. Mrs. Mabee met the truck driver at the front door and the two jugs containing the acid were passed over to her. While Mrs. Mabee was carrying the jugs from the front door toward the back of the house one of the jugs for some reason broke and spilled acid on her body and on the dining room floor. At this time the glass jugs containing the acid were under the exclusive control and management of Mrs. Mabee. She testified that the jug "went to pieces." A fireman testified that she told him that she had slipped and the two jugs came together causing one jug to break. This she denied. There was testimony tending to show that the sulphuric acid was dispensed and delivered in glass containers in accordance with the accepted and standard practice for handling such acid; that the glass containers had been inspected prior to being filled with the acid and that neither the temperature nor the method of transporting the acid would cause the containers to break or the acid to explode when taken into a warm room.

Three grounds are respectively urged as being sufficient to require a reversal of the cause by this court: (1) the facts justify the application of the doctrine of *res ipsa loquitur;* (2) the weight of the inference of negligence raised by the application of the doctrine of *res ipsa loquitur,* as well as defendant's explanation, is a question for the jury; (3) there was sufficient evidence of negligence to submit the question to the jury.

The doctrine of *res ipsa loquitur* has been stated to mean that when a thing which has caused an injury is shown to be under the management of the party charged

with negligence and the accident is such as in the ordinary course of things will not happen if those who have such management use proper care, the accident itself affords reasonable evidence, in the absence of an explanation by the parties charged, that it arose from a want of proper care. *Feldman* v. *Chicago Railways Co.* 289 Ill. 25.

. The Appellate Court found that the container of the sulphuric acid was sufficient for the purpose intended until it passed out of the exclusive control of the defendant. It also found that the title and possession of the jug and its contents had passed from the defendant to the plaintiffs. It further found that Mrs. Mabee had actual physical control and exclusive possession of the container and its contents and had carried it some distance before it broke, and for that reason the doctrine of *res ipsa loquitur* was not applicable. In the case of *Schaller* v. *Independent Brewing Ass'n,* 225 Ill. 492, where the Appellate Court refused to apply the doctrine of *res ipsa loquitur* because it found the fact to be that the thing causing the accident was not under the control of the defendant, we held that there was no question of law preserved for this court to consider, and the question of whether the finding of facts by the Appellate Court was right or wrong could not be raised in this court.

The Appellate Court did not, however, base its conclusion and judgment solely upon the question as to the inapplicability of the above doctrine. It held that even if said doctrine were applicable, there was evidence sufficient to overcome the circumstantial presumption of negligence which may have arisen from the evidence offered on behalf of the plaintiffs. In the case of *Feldman* v. *Chicago Railways Co.* 289 Ill. 25, we stated the rule that negligence is . never presumed, but that the circumstances surrounding the case where the maxim of *res ipsa loquitur* applies, amount to evidence from which the facts of negligence

may be found; that is, in a case within the maxim of *res ipsa loquitur,* proof of the circumstances of such case and of the injury constitutes a *prima facie* case of negligence, and will justify a verdict unless such *prima facie* case is overcome by proof showing that the party charged is not at fault. The Appellate Court properly applied that rule. In order to rebut the proof offered by the plaintiffs, evidence was introduced tending to show the nature, characteristics and properties of sulphuric acid; the accepted method and practice of dispensing sulphuric acid in glass containers; the inspection of the containers for defects before filling with acid; and, finally, the method used in packing, transporting and delivering the acid into the hands of Mrs. Mabee. The Appellate Court found the evidence offered on behalf of the defendant was sufficient to rebut the presumption. Where the presumption raised in the first instance by the doctrine of *res ipsa loquitur* is rebutted by the evidence produced by the defendant the doctrine cannot thereafter be properly applied. *Bollenbach* v. *Bloomenthal,* 341 Ill. 539.

The final contention is that irrespective of the application of the doctrine of *res ipsa loquitur,* there was sufficient evidence of negligence to submit the case to the jury. The Appellate Court disposed of this question by finding that the evidence does not sustain the allegation of the complaint that the glass jug was a defective and dangerous receptacle for sulphuric acid. The court then concluded that from a consideration of all the evidence in the record the verdict of the jury was manifestly against the weight of the evidence. It was ordered that the judgment of the trial court be reversed and the cause remanded for a new trial.

The Appellate Court was authorized to examine and consider the evidence insofar as it was necessary to determine whether or not the verdict was against the weight of

the evidence. Subparagraph (3)(b) of section 92 of the Civil Practice Act (Ill. Rev. Stat. 1947, chap. 110, par. 216,) provides that the reviewing court may, in any civil case, review errors of fact, in that the judgment, decree or order appealed from is not sustained by the evidence or is against the weight of the evidence. (*Corcoran* v. *City of Chicago,* 373 Ill. 567.) On leave to appeal being granted to review a judgment of the Appellate Court, no such authority is given the Supreme Court. The proviso to subparagraph (3)(b) is that in all cases brought to the Supreme Court by appeal from the Appellate Court, except as to equitable issues, the Supreme Court is restricted to re-examination as to questions of law only. *Shaw* v. *Courtney,* 385 Ill. 559.

The Appellate Court found that the facts did not justify the application of the doctrine of *res ipsa loquitur;* that the presumption of negligence which might have been raised by that doctrine was rebutted by the evidence; and that the verdict is against the weight of the evidence. In *Shaw* v. *Courtney,* 385 Ill. 559, we stated the rule which is applicable to this case: "Whether the recitation in the opinion as to the verdict not being sustained by the evidence is considered as deciding purely a question of fact or the determination of mixed questions of law and fact, the result is the same and both are binding upon this court." In that case we also concluded that even if the Appellate Court erred on questions of law, we could not reverse the Appellate Court's order of reversal and affirm the judgment of the trial court for the reason that the Appellate Court included in its findings that the verdicts were not sustained by the evidence. The filing of an affidavit under subparagraph (2)(c) of section 75 of the Civil Practice Act, and obtaining an order striking the remanding order, does not change the character of the Appellate Court's ruling from questions of fact or questions of mixed law and fact to one of law that might be considered by this court. The only effect

of the striking of the remanding order was that it made the judgment of the Appellate Court final.

There is no question of law to be reviewed by this court, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE DAILY took no part in the consideration or decision of this case.