(Nos. 32447, 32611.—

CAROL ANN OLSON, Plaintiff in Error, *vs.* CHICAGO TRANSIT AUTHORITY, Defendant in Error.

*Opinion filed September 24, 1953—Rehearing denied Nov. 16, 1953.*

JAMES A. DOOLEY, of Chicago, for plaintiff in error.

THOMAS C. STRACHAN, JR., WERNER W. SCHROEDER, FRED J. O'CONNOR, and JAMES E. HASTINGS, all of Chicago, for defendant in error.

Mr. CHIEF JUSTICE SCHAEFER delivered the opinion of the court:

This action was brought in the superior court of Cook County to recover damages for injuries allegedly suffered as the result of a collision between the defendant's streetcar and an automobile from which the plaintiff, a minor child, was alighting. There was a trial and verdict for plaintiff in the amount of $75,000. Motions for new trial and for

judgment notwithstanding the verdict were denied, and judgment was entered on the verdict.

On appeal to the Appellate Court the defendant did not dispute the negligent operation of the streetcar, but contended that the verdict was excessive in that it included damages for certain convulsive seizures of the plaintiff which began some ten and a half months after the accident. Defendant argued that the evidence did not show that these seizures were caused by the accident, and that in fact they were the product of a congenital condition. The Appellate Court agreed that the size of verdict indicated the jury had awarded damages for these seizures, and that in this respect the verdict was contrary to the manifest weight of the evidence. The court therefore reversed the judgment of the trial court and remanded the cause for a new trial on this issue. *Olson* v. *Chicago Transit Authority,* 346 Ill. App. 47.

Plaintiff moved for a rehearing and to vacate the judgment of the Appellate Court as beyond its constitutional powers. Upon denial of this motion plaintiff filed a petition for leave to appeal to this court, and subsequently sued out a writ of error to review the judgment of the Appellate Court. The petition for leave to appeal was allowed, and the two causes consolidated.

In both causes the plaintiff asserts that section 92(3)(b) of the Civil Practice Act (Ill. Rev. Stat. 1951, chap. 110, par. 216(3)(b),) is unconstitutional insofar as it permits the Appellate Court to reverse a judgment entered upon the verdict of a jury, and remand for a new trial on the ground that the verdict is against the weight of the evidence. The alleged constitutional defects are (1) that the action of the Appellate Court violates the right of trial by jury guaranteed by article II, section 5, (2) that it amounts to an exercise of original jurisdiction in violation of article VI, section 11, and (3) that section 92(3)(b), read in conjunction with section 75(2)(c), (Ill. Rev. Stat. 1951, chap. 110, par. 199(2)(c),) effects a discrimination between ap-

pellant and appellee, and thus violates article II, section 19, article IV, section 22, and article VI, section 29.

The first contention was rejected in *Corcoran* v. *City of Chicago,* 373 Ill. 567, after an extensive consideration of the history of trial by jury at common law. The *Corcoran case* was identical with this, except that the Appellate Court had there stricken the remanding clause on the plaintiff's motion, supported by an affidavit that another trial would involve no new issues and no new evidence. That difference is of no significance on the present issue. The plaintiff apparently concedes that the *Corcoran case* is controlling, and asks us to reconsider that decision. She asserts that the court's conclusion in the *Corcoran case,* that the practice at common law sanctioned the setting aside of verdicts by reviewing courts on the basis of the weight of the evidence, overlooked the qualification that this was done only with the concurrence of that member of the court who had been the *nisi prius* judge in the case. The fragmentary character of the historical evidence makes it difficult to decide the truth of this assertion. (The authorities relied upon by plaintiff appear in 19 Chicago Kent Law Review 91.) Assuming it to be correct, however, we think that the asserted qualification is not one of those essential attributes of jury trial which the constitution preserves.

"It is well settled that the object of a constitutional provision guaranteeing the right of a trial by a jury is to preserve the substance of the right rather than to prescribe the details of the methods by which it shall be exercised and enjoyed." (*People* v. *Kelly,* 347 Ill. 221, 224.) At least since *Wood* v. *Gunston,* Style 466, 82 Eng. Rep. 867, decided in 1655, judges at common law reviewed the verdicts of juries, and set them aside when contrary to the manifest weight of the evidence. It is the fact of judicial review of the verdict in terms of the weight of the evidence which concerns the substance of the right of trial by jury, rather than the precise composition of the court which does

the reviewing. Plaintiff's argument would subordinate the substance of judicial review to the detail of the identity of individual members of the reviewing tribunal. More important, plaintiff's argument would, under our scheme of judicial organization, wholly eliminate the common-law characteristic of review by judges other than the trial judge. For, under our system, if there is to be a review of the ruling of a trial judge in denying or granting a motion for new trial based upon the weight of the evidence, that review takes place before a court of which the judge presiding at the trial is not a member. In accordance with long-established practice, judges of this court disqualify themselves in cases in which rulings they have made as trial judges are brought before the court. And in the case of the judges of the Appellate Court, section 11 of article VI of the constitution provides that no Appellate Court judge shall sit in review upon a case in which he presided at the trial. Because conformity with every detail of practice in the common-law courts is not possible under our scheme of judicial organization, it does not follow that a significant characteristic of common-law trial by jury must be eliminated. Under the constitution, there is room for adjustment of details so long as essentials are retained. We hold that plaintiff's first contention does not raise a substantial constitutional question.

The contention that the Appellate Court has exercised original jurisdiction is without foundation. The only action taken by that court was to reverse the ruling of the trial judge upon a motion first presented and decided in the trial court. In this case, therefore, the Appellate Court was not exercising original jurisdiction by passing upon a matter not ruled upon by the trial court in the manner found objectionable in *Goodrich* v. *Sprague,* 376 Ill. 80, and *Scott* v. *Freeport Motor Casualty Co.* 379 Ill. 155. See *Goodrich* v. *Sprague,* 385 Ill. 200.

Plaintiff's final contention is that the scheme of review authorized by sections 75(2)(c) and 92(3)(b) of the Civil Practice Act (Ill. Rev. Stat. 1951, chap. 110, pars. 199(2)(c) and 216(3)(b),) is discriminatory and inequitable and so violates article II, section 19, article IV, section 22, and article VI, section.29. It is true that if defendant had been unsuccessful in the Appellate Court it could have sought review in this court, whereas the plaintiff may not obtain review here without filing the requisite affidavit in accordance with section 75(2)(c) of the Civil Practice Act. (Ill. Rev. Stat. 1951, chap. 110, par. 199(2)(c).) This result, however, stems only from an application of the general rule that only final judgments are·reviewable,—a rule embodied in more than a century of common and statutory law in this State. (See, *e.g.,* Laws, 1827, p. 318, sec. 32; *Hayes* v. *Caldwell,* 5 Gilm. 33; *Morris* v. *Beatty,* 390 Ill. 568, 571.) Plaintiff suggests that subsequent new trials may also result in verdicts and judgments in her favor, followed by reversal and remandment in the Appellate Court, so that review in this court could never be had. Section 75(2)(c) provides a ready remedy, however, by making·it possible to eliminate remandment when the plaintiff is satisfied that he has produced all of the available evidence. (Ill. Rev. Stat. 1951, chap. 110, par. 199(2)(c).) Moreover, since the scope of our review in any event excludes consideration of the weight of the evidence under section 92(3)(b) of the Civil Practice Act, (Ill. Rev. Stat. 1951, chap. 110, par. 216(3)(b),) the nonreviewability of the judgment of the Appellate Court works no hardship in this case.

In support of her position plaintiff cites *Hecker* v. *Illinois Central Railroad Co.* 231 Ill. 574. There a statute was held invalid which permitted this court to review both the facts and the law in a case coming from the Appellate Court if that court, without remanding for a new trial, had reversed

the judgment of the trial court as the result of finding the facts to be otherwise than as found by the trial court. In cases where the Appellate Court had affirmed the judgment of the trial court, however, the statute confined review by this court solely to questions of law. It was held that the existence or nonexistence of a difference of opinion upon the facts between the trial and appellate courts was not a justifiable basis upon which to base discrimination in the scope of review in this court. Whatever may be the propriety of allowing further review of facts already agreed on by two other courts, the holding in the *Hecker case* is clearly inapplicable here.

In *Hayward* v. *Sencenbaugh,* 235 Ill. 580, a judgment for plaintiff in the trial court was reversed in the Appellate Court and the cause remanded. Plaintiff thereupon appealed to this court under a statute permitting such appeal only if the appellant should stipulate that upon his defeat in this court a final judgment should be entered against him here, rather than a judgment merely affirming the decision of the Appellate Court. The provision was held invalid as a discrimination against the appellant, despite the fact that the issue was raised by appellee on a motion to dismiss the appeal.

The *Hayward case* thus resembles this case. In each an appeal otherwise precluded for lack of finality is to be allowed if the appellant agrees to forego his right to a new trial. Under the earlier statute this was done by stipulating that this court might render final judgment against appellant, whereas under the present act appellant proceeds by moving to strike the remanding clause from the judgment of the Appellate Court.

To the extent that the statute involved in the *Hayward case* permitted this court to enter a judgment other than one affirming or reversing a judgment rendered below, it presented a special problem akin to that raised in the line of cases relating to the power of the Appellate Court to

enter a judgment deciding a matter not passed upon by the trial court. (See, *e.g., Scott* v. *Freeport Motor Casualty Co.* 379 Ill. 155; *Goodrich* v. *Sprague,* 376 Ill. 80; *Mirich* v. *Forschner Contracting Co.* 312 Ill. 343; cf. *Walden* v. *Chicago and North Western Railway Co.* 411 Ill. 378; *Goodrich* v. *Sprague,* 385 Ill. 200.) We are not concerned with that issue in this case. We cannot, however, follow the *Hayward case* to the extent that it may be thought to hold that review by this court may not be conditioned upon the appellant's willingness to forego a new trial and thus make final the judgment of the Appellate Court. We have upheld a statute giving a right of appeal to the defendant from an interlocutory order appointing a receiver or granting an injunction while denying the plaintiff an appeal from an order refusing to grant the same relief. (*Bagdonas* v. *Liberty Land and Investment Co.* 309 Ill. 103; *Hallberg* v. *Goldblatt Bros. Inc.* 363 Ill. 25.) A classification based upon the finality of the judgment sought to be reviewed is no less reasonable than that sustained in those cases.

We need not consider plaintiff's attack upon the distinction between the power of the Appellate Court under section 89 of the Civil Practice Act (Ill. Rev. Stat. 1951, chap. 110, par. 213,) to reverse without remanding where the trial court proceedings were without a jury, and that court's more limited power in reviewing jury cases. (Compare *Ebbert* v. *Metropolitan Life Ins. Co.* 369 Ill. 306, with *Mirich* v. *Forschner Contracting Co.* 312 Ill. 343.) That section is not involved in this case, and, in any event, the distinction is one which favors the plaintiff here.

The constitutional points raised on the writ of error do not warrant reversal of the judgment of the Appellate Court. Plaintiff also argues that the verdict was not in fact contrary to the weight of the evidence, and asks us to reverse on that basis. Section 92(3)(b), however, prohibits us from reviewing the question of fact arising upon the weight of the evidence. (*Shaw* v. *Courtney,* 385 Ill. 559; *Corcoran*

v. *City of Chicago,* 373 Ill. 567.) Our disposition of the writ of error, therefore, is to affirm the judgment of the Appellate Court.

Plaintiff did not comply with the requirements of section 75(2)(c) of the Civil Practice Act, (Ill. Rev. Stat. 1951, chap. 110, par. 199(2)(c), and thereby make final the judgment of the Appellate Court. (*Lees* v. *Chicago and North Western Railway Co.* 409 Ill. 536, 541; *People* v. *Board of Education,* 275 Ill. 195; *Riley* v. *Lamson,* 253 Ill. 258.) That the new trial is partial only does not alter the situation, since the plaintiff is not aggrieved by that part of the judgment which is final. (*Sanche* v. *Mahler,* 219 Ill. 349.) It follows that the petition for leave to appeal was improvidently allowed, and the appeal must be dismissed for want of jurisdiction.

*Judgment affirmed on writ of error; appeal dismissed.*