(No. 33998.—

CHARLES PETTY, Appellant, *vs.* ILLINOIS CENTRAL RAILROAD COMPANY, Appellee.

*Opinion filed May 23, 1957—Rehearing denied September 16, 1957.*

JAMES A. DOOLEY, of Chicago, for appellant.

HERBERT J. DEANY, ERLE J. ZOLL, JR., and ROBERT S. KIRBY, all of Chicago, (JOSEPH H. WRIGHT, of counsel,) for appellee.

Mr. JUSTICE DAILY delivered the opinion of the court:

The circuit court of Cook County entered judgment on a jury verdict awarding damages to plaintiff, Charles Petty, in the amount of $75,000 for personal injuries sustained in a collision between the automobile in which he was riding and defendant's train, and the Appellate Court reversed and remanded the cause for a new trial on the ground that the verdict was manifestly against the weight of the evidence. Plaintiff's motion to strike the remanding order, supported by affidavits, stating that he could adduce no further evidence and waiving his right to a new trial, in accordance with section 75(2)(c) of the Civil Practice Act, was allowed by the Appellate Court, and we have granted plaintiff's petition for leave to appeal.

Before the merits and facts of this cause may be considered, it is incumbent upon this court to determine whether our appellate jurisdiction has been properly invoked. In this connection, we must ascertain the effect of section 75(2)(c) of the Civil Practice Act on our power to review judgments of the Appellate Court. It was to clarify this issue that the petition for leave to appeal was allowed.

Plaintiff contends that section 75(2)(c) of the Civil Practice Act (Ill. Rev. Stat. 1951, chap. 110, par. 199,) as construed in *Olson* v. *Chicago Transit Authority*, 1 Ill.2d 83, sanctions review in this court of all Appellate Court cases in which the losing party, whose judgment in the trial court was reversed and remanded by the Appellate Court, finalizes the judgment by filing the requisite motion and affidavit.

Section 75(2)(c) provides: "In any case heard and determined in the trial court upon actual trial in which the Appellate Court upon appeal from the final judgment or decree entered in the cause in the trial court reverses said judgment or decree and remands the cause for a new trial or hearing, and in which the party in whose favor the trial court's judgment or decree was rendered shall present to

and file with the Appellate Court an affidavit stating that he will be unable on a future trial or hearing to adduce other or additional evidence, facts or circumstances than were adduced in the trial court and expressly waiving the right to a new trial or hearing and consenting and requesting that the portion of the judgment of the Appellate Court remanding the cause for a new trial or hearing be deleted and stricken from the judgment of the Appellate Court, then that court upon motion shall amend its judgment by striking out the portion thereof remanding the cause for new trial or hearing. Thereupon it shall be competent for the Supreme Court to grant leave to appeal from said final judgment of reversal for its review and determination with the same power and authority in the case, and with like effect, as in other cases in which leave to appeal from the final judgments of the Appellate Courts is authorized in this section."

It is apparent that this section gives the party whose judgment in the trial court has been reversed and remanded by the Appellate Court the right to finalize the judgment by filing a motion and affidavit requesting that the remanding portion of the judgment be deleted, and stating that he would be unable on a future trial to adduce other evidence, and that he waives his right to a new trial. The question is whether the section goes further and nullifies the provision of section 92(3)(b) of the Civil Practice Act (Ill. Rev. Stat. 1955, chap. 110, par. 92(3)(b),) which prohibits this court from examining the question of whether the judgment was "against the manifest weight of the evidence" in cases that are brought to this court by appeal from the Appellate Court.

The primary inquiry in *Olson* v. *Chicago Transit Authority*, 1 Ill.2d 83, was the constitutionality of section 92(3)(b) of the Civil Practice Act, which was attacked on diverse grounds. Plaintiffs therein argued that under the terms of section 92(3)(b), as construed by the court,

a plaintiff whose judgment had been reversed and remanded would be obliged to submit to a series of trials, and that each subsequent new trial could result in a verdict and judgment in plaintiff's favor, followed by a reversal and remandment in the Appellate Court, so that review in the Supreme Court could never be had. In reply thereto the court in the *Olson case* made the following statement, upon which plaintiff herein relies: "Section 75(2)(c) provides a ready remedy, however, by making it possible to eliminate remandment where the plaintiff is satisfied that he has produced all the available evidence." Upon the basis of this statement plaintiff contends that the series of retrials could be obviated, and review had in the Supreme Court, in all such cases where the Appellate Court reversed and remanded a trial court judgment in favor of plaintiff, by the ready remedy of finalizing judgments provided by section 75(2)(c). The sentence that immediately followed in the *Olson* opinion, however, was intended to dispel that inference: "Moreover, since the scope of our review in any event excludes consideration of the weight of the evidence under section 92(3)(b) of the Civil Practice Act, (Ill. Rev. Stat. 1951, chap. 110, par. 216(3)(b),) the non-reviewability of the judgment of the Appellate Court works no hardship in this case."

In reconciling the two statutory provisions it is evident that under the terms of section 75(2)(c), this court can review judgments finalized under this section only on the same basis and subject to the same rules as other final judgments of the Appellate Courts. Such review is restricted to questions of law by section 92(3)(b) of the Civil Practice Act, which provides that except as to equitable issues, the Supreme Court shall re-examine cases brought to it by appeal from the Appellate Court as to questions of law only. Consequently, it must be concluded that unless the cause presents a question of law, this court is without power to review an Appellate Court judgment reversing

and remanding a cause, even if the remanding portion of the order was stricken under section 75(2)(c). This interpretation, moreover, is in accord with the case law. (*Shaw* v. *Courtney*, 385 Ill. 559; *Mabee* v. *Sutliff & Case Co.* 404 Ill. 27.) This is the thought that we intended to express in the *Olson case*. We recognize, however, that the language there used with reference to section 75(2)(c) might have created ambiguity and misled plaintiff into moving to strike the remanding order.

Therefore, pursuant to our authority under section 92(1)(e) of the Civil Practice Act authorizing us to enter any order which ought to have been given or made, or as the case may require, the cause is remanded to the Appellate Court, with directions that the remanding order be reinstated. This conclusion is not intended to, and does not, express approval of the determination of the Appellate Court on the issue of the manifest weight of the evidence.

*Remanded, with directions.*